CASE 37—PETITION EQUITY—MAY 24.

# Anderson, &c., v. City of Mayfield.
# Tice v. Same.

APPEAL FROM GRAVES COURT OF COMMON PLEAS.

1. TAXATION—DIRECTORY REQUIREMENTS OF STATUTE.—The requirement in a tax law that the assessor shall make his assessment and return his lists to the proper office by a certain time is merely directory, and the making of the assessment at a later period does not render it void.

2. SAME.—A taxpayer can not refuse to pay his tax upon the ground that

its imposition is not necessary, or that the taxes are being improperly expended.

3. A SET-OFF IS NOT ADMISSIBLE against a demand for taxes unless expressly authorized by statute.

4. REVISION OF ASSESSMENT BY CITY COUNCIL.—Under the provision of a city charter conferring upon the council the power to revise the assessment made by the assessor, and providing that after the council shall have completed its revision the tax book shall be received by a resolution of the Board, it is not necessary that the records of the council should show an order changing the assessment in each instance where a change is made; it is sufficient to enter opposite the list a certain amount to be added to the value already fixed.

5. SAME—PRESUMPTION.—In the absence of an averment that the assessment after revision was not approved by a resolution of the board, it must be presumed that duty was performed.

6. MUNICIPAL TAXATION—PROVISION FOR TAXATION OF ALL PROPERTY SUBJECT TO TAXATION FOR STATE PURPOSES.—Under a city charter which provides that the taxation for city purposes shall be upon all property "subject to taxation for State and county purposes," the State law in force when the assessment is made must govern, that being evidently the legislative intention. The rule that the repeal or alteration of a statute which has been adopted as a part of another statute does not affect the statute of which it has thus been made a part, has no application.

7. FAILURE OF ASSESSOR TO INCLUDE ALL PROPERTY SUBJECT TO TAXATION—PLEADING.—Although a city assessor, in making his assessment, should have included all property subject to taxation for State and county purposes under the State law then in force, yet a taxpayer can not complain of his failure to do so, unless he shows that he has been injured in some way. An allegation that if all the property subject to taxation had been assessed, the rate of taxation would have been less, is but a conclusion of the pleader.

W. W. TICE FOR APPELLANT TICE.

1. The assessment is void because not completed and returned within the time prescribed by the charter. (Charter of Mayfield, acts 1883-4, p. 759.)

2. The assessment should have been made under the State law in force at the time, and not under the law in force prior to March 17, 1886.

In making an assessment the statute must be observed with particularity. (Slaughter v. City of Louisville, 89 Ky., 112.)

A municipal corpoporation can levy no taxes upon the inhabitants or their property, unless the power be plainly and unmistakably given. (Dillon on Mun. Corp., sec. 605; Kniper v. City of Louisville, 7 Bush, 599; Caldwell v. Rupert, 10 Bush, 182.)

3. The allegation of the petition that there is no ordinance of the city, in

accordance with its charter, authorizing the levy of this tax for 1888, or authorizing the assessment under which said levy for taxes was made, is sufficient to authorize the court to perpetually enjoin the collection of the tax.

4. No notice, such as is required by the charter, was given by the tax collector before making the levy.

5. The tax is unconstitutional and amounts to the taking of the citizen's property for public use without just compensation. (City of Lexington v. McQuillan's heirs, 9 Dana, 513.)

WEBB & JOHNSTON for appellant Anderson.

1. No order was ever made by the City Council raising appellant's list, and the unauthorized entry upon the margin of the assessor's book was void.

2. Tax proceedings are *quasi* judicial, and, therefore, the attempt to raise appellant's list, without giving him a hearing, was void. (Cooley on Taxation, pp. 363, 364, 365, 366, 420, 751, 752, 784, 785; Cleghorn v. Postlewaite, 43 Ill.; Darling v. Greene, 50 Ill., 424; Slaughter v. City of Louisville, 89 Ky., 112.)

3. When a part of a tax is illegal all the proceedings to collect it are void. (Stetson v. Kempton, 7 Am. Dec., 150; Drew v. Davis, 38 Am. Dec., 213; Jones v. Gibson, 7 Am. Dec., 690.)

4. The assessment should have been made under the Hewitt law. (Charter of Mayfield, acts 1883–4, vol. 2, p. 780.)

5. The court erred in refusing to allow the set-off pleaded by appellant.

6. The failure of the law to provide for the taxation of banks for municipal purposes renders taxation unequal, and, therefore, unconstitutional.

D. G. PARK for appellees.

1. The Hewitt Revenue Law does not repeal the city charter by implication. (Cooley on Taxation, 294; Sutherland on Statutory Construction, secs. 157, 158; Adams Ex. Co. v. City of Owensboro, 85 Ky., 265.)

2. A local or special law which adopts by reference provisions relating to procedure from an existing general statute is not necessarily abrogated or affected by the subsequent repeal of the act containing the adopted provision. (Sutherland on Statutory Construction, secs. 159, 257; Schwenke v. The Union Depot, &c., 7 Col., 512; Barrett & Co. v. Henderson, 4 Bush, 250; Nunes v. Wellisch, 12 Bush, 367; Darmstaetter v. Moloney, 45 Mich., 624.)

3. Accidental omission from taxation of persons or property that should be taxed, occurring through the negligence or default of officers to whom the execution of the taxing laws is intrusted, does not have the effect to vitiate the whole tax. (Cooley on Taxation, pp. 216, 217; People v. McCreery, 34 Cal., 457.)

If illegal exemption does not increase the amount which others are taxed they are not injured. (2 Dillon on Mun. Corp., sec. 776, note 1, pp. 774, 775.)

4. The failure to complete the tax list and return the assessment within the time prescribed by the city charter does not render the assessment and levy void. (Cooley on Taxation, pp. 283, 284–89, 578; Sutherland on Statutory Construction, sec. 450; Pond v. Negus, 3 Mass., 230; Gale v. Mead, 2 Denio, 161; Delphi v. Bowen, 61 Ind., 35; Slaughter v. City of Louisville, 89 Ky. 112.)

5. The misappropriation of public money does not render the tax illegal. (Cooley on Taxation, 766, 290, 818.)

6. The pretended matter of set-off relied on can not be sustained. (Cooley on Taxation, pp. 17, 18, note 5; 63 Ga., 527.)

7. The alleged omission to tax the banks for city purposes is not ground for an injunction. (Franklin County Court v. Deposit Bank, 10 Ky. Law Rep. 511.)

8. The law does not contemplate or require an order spread upon its order book by the City Council declaring that the valuation is increased, but only such revision and correction of the tax book before final acceptance by the resolution of the board.

　　It is incumbent upon the party resisting the payment of a tax by injunction to negative all facts which would render the tax legal. (Belknap v. Clark, 10 Ky. Law Rep., 872; Delphi v. Bowen, 61 Ind., 34.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

These cases involve mainly the same questions, and will therefore be considered together.

They seek to enjoin the sale of property levied upon or city taxes. The grounds relied upon are quite numerous, and only those will be considered which we deem important.

The charter of the city of Mayfield provides that its assessor shall make his assessment and return his lists to the proper office by a certain time. This was not done. The assessment was made after the prescribed period. This provision is not, however, for the benefit of the taxpayer. It is not important to him. Its object is to secure for the city order and dispatch in the collection of its taxes and the transaction of its business.

Such provisions are not regarded as mandatory in the absence of words importing that the required act shall not be done at any other time than that designated. No

such negative words are contained in this charter. A person should not be allowed to rely upon the mere *nonfeasance* of an officer when it is not important to that person, and thus escape the performance of his own duty. Even the omission of property in making an assessment, either through the negligence or default of the assessing officer, or where it occurs through mistake of law, does not vitiate the tax. If so, as all men are fallible, no tax could ever be collected, and the government would fail. (Cooley on Taxation, p. 155.)

The requirement being merely directory, the making of the assessment at a later period did not render it and proceedings based upon it void.

Even if the taxes were being improperly expended, yet the taxpayer can not, therefore, refuse to pay his tax. He can not have relief in this way. He must do his duty and look to the law to compel a proper expenditure.

The tax in question was authorized by the city charter; and in such a case, whether its imposition be necessary, is a matter for the determination of the taxing power.

It was attempted in one of these cases to prevent the collection of the tax, provided it was legal, by the assertion of an alleged indebtedness of the city to the taxpayer.

This can not be done unless expressly authorized by statute. A tax grows out of a duty, and not out of contract. It is not collectible by suit, unless expressly authorized. It is not a demand founded upon a contract or a judgment.

Cooley says: "Taxes are not demands against which a set-off is admissible; their assessment does not constitute a technical judgment, nor are they contracts between

party and party, either express or implied; but they are
the positive acts of the government through its various
agents, binding upon the inhabitants, and to the making
and enforcing of which their personal consent, individ-
ually, is not required." (Cooley on Taxation, p. 13.)

If the rule were otherwise the machinery of govern-
ment would be liable to interruption. The nature of a
municipal tax, the purpose of it, forbids the assertion of
a demand as a set-off, unless expressly authorized by
statute. This rule is necessary to the continuance of the
government. (Himmelmann v. Spangel, 39 Cal., 389.)

It is also averred in the one case that the tax is upon
an unauthorized raised value of the property. It appears,
after the lists were returned, the City Council, as to cer-
tain property, entered opposite the list a certain amount
as a sum to be added to the value already fixed. Notice
was then given to the owner to appear and show cause,
if he had any, against this change; and the charter pro-
vides that after the Council shall have completed its re-
vision, the tax book shall be received by a resolution of
the Board.

It is contended that its action should, in each instance,
where a change is made from the value returned by
the assessor, be shown by the record of its proceed-
ings, and without an order it is but an attempt to change
the assessment. This is not required, however, by the
charter. The Legislature did not intend so much for-
mality. It would probably have involved much labor
and unneccessary record. The charter merely requires
what was done in this instance. It is not averred that
the assessment, after revision, was not approved by a res-

olution of the Board, and in the absence of such an aver-
ment it must be presumed this duty was performed.

May 17, 1886, a new State revenue law became opera-
tive. The assessment in question was made after that
date. The charter of the city of Mayfield was passed
May 1, 1884.

It provides that its Council may levy and collect an
annual *ad valorem* tax, not exceeding a certain sum,
" upon all real and personal estate within the limits of
said city subject to taxation for State and county pur-
poses, to be applied to general, local and municipal pur-
poses."

The assessor, in making this assessment, followed the
State revenue law in force when the charter was enacted,
instead of the new one. It is contended for the city that
this was proper and that the Legislature intended to pro-
vide a complete body of law for its government. It is
true the charter provides a form of assessment in which
are enumerated taxable articles ; but it provides that it
may be changed by the Council by ordinance.

This shows that provision was made for a possible
change of taxable property. It is true the new State
revenue law did not expressly repeal any provision of this
charter ; and it is also true that where there is a grant of
power to tax to municipalities, it is presumed a repeal by
implication was not intended by subsequent general leg-
islation.

A local statute will not be regarded as repealed by a
general one, which has no negative words, although re-
pugnant, unless there be something manifesting a legis-
lative intention to do so. (1 Dillon's Mun. Corp., sec. 87.)

It is also true that the adoption of one statute by an-

other, re-enacts the first one as a part of the latter, and subsequent alterations or modifications of the one so adopted do not become a part of the second statute. In case of adoption the effect is the same as if the adopting statute contained in full the provisions of the one adopted.

If a local law refers to a general law, and the latter be subsequently repealed, such repeal will not operate as a repeal of the local law so far as it refers to the general law. (Nunes, &c., v. Wellisch, &c., 12 Bush, 363.)

But these rules have no application in these cases.

It is evident the Legislature intended, by providing that the taxation should be upon all property " subject to taxation for State and county purposes," that the State law in force when the assessment might be made should govern.

Judge Dillon says: " Authority conferred by the charter of a village corporation to assess taxes upon the freeholders and inhabitants of said village, according to law, means according to the provisions and principles of the general tax law in force at the time the assessment is made."

This construction of the legislative act is reasonable, because changes, which are constantly occurring in the character and value of property, make proper a change of assessment.

The one now under consideration should have been made in accordance with the State law then in force. The appellants fail to aver, however, how they have been injured by this not having been done. It is true, they say, in a general way, that if it had been done, more property would have been included, and the per cent. of taxation would have been less; and one petition avers that it would

have been lessened twenty per cent.; but this is merely pleading a conclusion.   The pleader should have set forth definitely, by enumerating the changes as to particular species of property, or in some way have shown the manner in which it would have benefited him, or have shown by some statement of facts in what manner he has been injured.   For aught that appears the assessment as made may have been to his advantage.

The demurrers to the petitions were properly sustained and the judgments are affirmed.