(Decided February 28th, 1895.)

---

·THE ROLAND PARK CO. *vs.* THE STATE OF MARYLAND.

*Statutory Construction—Intent of the Legislature—Bonus Tax on New Corporations.*

The Act of 1890, ch. 536, provided that every corporation incorporated *since* January 1st, 1890, should pay a certain bonus tax. This Act was approved April 8, 1890. *Held*, that the Act applies to all corporations created after April 8th, as well as to those formed since January 1st and before April 8th.

If the obvious purpose of a statute is beyond the literal meaning of the language employed, it will not be restricted by the narrow signification of the words·; and in like manner, comprehensive terms will not include that which is not within the design of the statute, but the real intent will prevail over the literal sense of the language used..

The result which may follow from one construction or another of a statute is a potent factor in determining the legislative intent.

Appeal from a ruling of the Court of Common Pleas of Baltimore City (PHELPS, J.), by which it was determined that the appellant, a corporation incorporated on July 30, 1891, was liable to the State in this action for the second instalment of the bonus tax imposed by the Act of 1890, ch. 536.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*John N. Steele* (with whom were *John E. Semmes* and *Francis K. Carey* on the brief), for the appellant.

Revenue statutes, being neither remedial nor founded upon any permanent public policy, are to be construed in favor of the tax-payer, and most strongly against the government. *U. S.* v. *Wigglesworth,* 2 Story, 309; *American, &c., Co.* v. *Worthington,* 141 U. S. 468; *Rice* v. *U. S.* 53 Fed. Rep. 910.

It is well settled that where the words of an Act are unambiguous, the Legislature will be intended to mean what it has plainly expressed, and there is no room for construction. *Maxwell* v. *State,* 40 Md. 273; *Leonard* v. *Wiseman,* 31 Md. 204; *Clark* v. *M. & C. C.* 29 Md. 283.

There is no ambiguity about the meaning of the word " since," and this Court will not consider itself at liberty to speculate as to what the Legislature may have intended, but will give the word " its plain, natural and ordinary import." " The proper signification of ' since,' is after, and its appropriate sense includes the whole period between an event and the present time." 22 *Am. & Eng. Enc. Law,* 785; *Monroe* v. *Acworth,* 41 N. H. 201. " ' Since ' may cover the whole of a period between an event and the present time, while ' subsequently ' may refer to a particular time." *Anderson's Dictionary of Law ; Jones* v. *Bank,* 79 Me. 195; *In re. Rosenfeld,* 7 Am. Law Reg. (N. S.) 619; see also *James' Bankrupt Law,* 129, 131.

In the act under discussion, " since " is used as a preposition. As a preposition it is thus defined by the Century Dictionary: " Ever from the time of; throughout all the time following; continuously after and from; at some or any time during the period following; subsequently to." And by Webster: " From the time of; in or during the time subsequent to; subsequently to; after; with a past event or time for the object."

The examples given in the dictionaries fix the precise meaning of the word beyond all dispute; that is, a period of time, or any time, between some definite time in the past and the present time; and, although it does mean after, yet it is in the limited sense just stated.    It cannot be used to signify futurity.    For instance: " My last was of the first current, since which I received one from your lordship." Howell, Letters I, V, 29.    Is argument needed to show that, although the period of time which is written of is after the " first current," it is also limited by the time of writing and cannot be construed to mean any time after the time of writing.    Again: " You know since Pentecost the sum is due." Shakespeare, Comedy of Errors, IV, 1, 1.    This means that the sum has been due from Pentecost to the time of speaking.

*\*J. Alexander Preston* and *Robert Ludlow Preston*, for the appellee.

McSHERRY, J., delivered the opinion of the Court.

Whether the appellant is liable for the franchise tax* or bonus imposed by the Act of 1890, ch. 536, is the sole question involved in this proceeding.    The appellant is a body corporate, incorporated on July the thirtieth, 1891, under the general incorporation law, and its capital stock was limited by its charter to one million of dollars.    The Act of 1890, which adds a new section to the Code, prescribes that " every corporation incorporated since January first, eighteen hundred and ninety, under any general or special law of this State, except cemetery companies, &c., shall pay to the State Treasurer, for the use of the State, a bonus of one-eighth of one per centum upon the amount of capital stock which said company is authorized to have," &c., &c.    This act was approved and became effective on April the eighth, 1890.    The contention of the appellant is that this statute is only applicable to corporations formed

---

*The Court declined to hear counsel for the appellee.

*after* January the first and *before* April the eighth, 1890, and
that the word " since," properly construed, makes the pro-
visions of the act relate only to such corporations as were
formed between January the first and April the eighth,
1890.   This contention is founded on the assumption that
the word " *since* " means, and necessarily means, and was
intended to mean, a period of time beginning with the first
of January, 1890, and ending with the date when the
statute became effective.   To support this contention we
have been referred to various lexicons which define the word
" since."   We are not, however, dealing with a question of
mere philology.   What we have to do is to discover the
legislative intention and to give to it, when ascertained in
accordance with established canons or rules, full and com-
plete effect.   The mere words which the Legislature may
use are not always controlling.   If the obvious purpose of
an enactment is beyond the literal meaning of the language
employed, it will not be restricted in its scope and applica-
tion by the narrow significance of its words ; and equally,
too, broad and comprehensive terms will not include that
which is not within the design and the object of the statute.
The real intent, when ascertained, will always prevail over
the literal sense of the language, *State* v. *Milburn*, 9 Gill,
109 ; *Milburn* v. *State*, 1 Md. 17 ; because both the can-
ons of verbal criticism and the rules of grammatical con-
struction must alike yield to the manifest spirit and intent
of an enactment.   Or, as differently expressed, "Sometimes
cases not within the words are held to be within the act,
and other cases are by construction taken without the
operation of the law, though covered by the language, ac-
cording to the intent and design of the Legislature."   *Wil-
son, &c.* v. *State, use of Davis*, 21 Md. 1.   This intent or
design may be gathered not merely from the language of
the enactment, but also from the causes or necessity which
prompted its passage, and from foreign circumstances.
*Johnson and Wife* v. *Heald, Extr.*, 33 Md. 352 ; *Durousseau*
v. *U. S.*, 6 Cranch, 307.

Now, the obvious purpose of the Act of 1890 was to raise a revenue for the treasury of the State. No reason has been assigned or can well be suggested for limiting its application to such corporations as were formed within the space of three months and eight days in the beginning of the year 1890. By its first section it added a new section, to be known as sec. 88 A, to Art. 81 of the Code of Public General Laws, relating to revenue and taxes, and thereby indicated that its provisions imposing the bonus should be a permanent and continuing part of the written law of the State, until repealed. The mere fact that it was included in, and by its express terms became a part of, the fixed and established revenue and tax-system, at least implies that its application was not designed to be of the short and restricted duration claimed. It was made an integral part of a revenue system, of which, had it been purposely confined in its application to so brief a space of time, it would properly have formed no portion. As the statute was distinctly a revenue measure, it is not apparent why, if it was deemed necessary to resort to it for the first three months of 1890, it was not equally necessary for the remainder of that year or until, in fact, its modification or repeal. But, in addition to this, the act contains inherent indications that it was designed to be continuous in its application. Its title declares that it is an act " providing for the payment by *every newly* created company of a bonus on its capital stock," &c., and suggests no restriction to those created before its passage and subsequent to the preceding first of January. And further on in the body of the act, provision is made for the imposition of a bonus of one-sixth of one per cent. upon the *increase* of the capital stock " of any of *said* companies or any company of like character *heretofore* incorporated." Now, if the literal and restricted meaning assigned, in the appellant's contention, to the word " *since* " is to prevail, then the only companies which would be liable to pay the bonus of one sixth of one per cent: upon an increase of their capital stock would be those formed after January the first, and before April

the eighth, 1890, and those incorporated at *any time* prior to the passage of the Act of 1890. There is no conceivable reason why every corporation formed prior to April the eighth, 1890, should be liable upon increasing its stock to pay this bonus, and every one formed after that date should be exempt. This consequence flowing from the construction insisted on, would result in inequality, if not in injustice, and would, to a great extent, defeat the raising of revenue from this particular source. A result which may follow from one construction or another of a statute is always a potent factor and is sometimes in and of itself conclusive as to the correct solution of the question as to its meaning. *People, &c., N. Y.* v. *Rice*, 16 L. R. A. 836.

Looking to the object which the Legislature had in view in passing this Act, and considering the important circumstance that they carefully incorporated its provisions in the Code as a part of the revenue system, under the sub-title, "payment of taxes by corporations," we think the true reading of the statute includes *all* corporations formed after January the first, 1890, except those specially excluded, and that the enactment is not confined to those formed between that date and April the eighth of the same year. That this is what the Legislature meant, is made more apparent by the Act of 1894, ch. 114. By this act other classes of corporations besides those excluded by the Act of 1890, were exempted from paying the bonus, and it was specifically provided that no corporation incorporated prior to the date of the Act of 1894, "shall in any manner by this act (the Act of 1894), be relieved or released from the payment of any bonus now due and owing by it, or which shall become due and payable by it prior to the date of the passage of this act, under the provisions of ch. 536 of 1890." If the Act of 1890 was intended to apply only to corporations formed between January, the first and April the eighth, 1890, there was no necessity for enlarging, by the Act of 1894, the classes of corporations exempted from paying the bonus.

The Court below gave to the Act of 1890 the same construction that we have placed upon it, and its judgment in favor of the State for the bonus due by the appellant will therefore be affirmed.

*Jndgment affirmed with costs above and below.*

(Decided February 28th, 1895.)