COOK, J., dissenting.
The Reynolds Tobacco Company (a corporation) and Hanes Company (a partnership) are tobacco manufacturers, each having its principal office and factory building in Winston, and each using warehouses just across the street in Salem (the towns being divided only by a street), in which they temporarily store leaf tobacco, as bought from time to time, until it is removed to the factory in Winston for manufacture. The question is whether the leaf tobacco thus stored on 1 June, 1900, was taxable in Winston or Salem. The said parties have paid the taxes thereon in Winston under an agreement that said taxes will be paid over by said city to the town of Salem if the courts shall adjudge that the latter is entitled to the same.
If this action is properly constituted in court, which we do not wish to be understood as deciding, for no recovery (405) is asked by the plaintiff, who has the fund in possession, the question is settled in favor of the power of taxation of said tobacco by the city of Winston by the very terms of the statute then in force. Laws 1899, ch. 15. Section 14 thereof provides that "All personal property, except such shares of capital stock and other property as are directed to be listed otherwise in this act, shall be listed in the township in which the person so charged resides on 1 June. The residence of a corporation, partnership or joint stock association shall be deemed to be in the township in which its principal office or place of business is situated."
The Constitution, Art. VII, sec. 9, requires that "All taxes levied by any county, city, town or township shall be uniform and ad valorem upon all property in the same." The towns of Winston and Salem are in the same township, and the charters of both, in conformity to the above constitutional provision, grant them power to levy and collect taxes upon "all real and personal property within its corporate limits." Private Laws 1891, ch. 40, sec. 41 (1), and chapter 307, section 50.
As to the situs of realty there can be no doubt, but the situs of personalty for purposes of taxation from time immemorial has been a matter for the law-making power, which has provided different rules for different kinds of personalty, and has changed them from time to time. There is nothing in the above cited section of the Constitution which indicates an intention to restrict legislation as to the situs of personal property (which at common law always followed the person, hence its designation), and no decision has so construed that section. It seems to us that sound public policy requires that the Legislature be left free, as always heretofore, to prescribe regulations as to the situs of personal property, and unless the constitutional *Page 291 
provision were plain and explicit to the contrary, we cannot hold the statute to be unconstitutional. (406)
As the above cited section (section 14, chapter 15, Laws 1899) located the situs of this property (which is not "property directed to be otherwise listed in the act") in the place where the corporation or partnership has "its principal office or place of business," it follows that by the terms of the respective charters this tobacco was taxable in the town of Winston. This is the general rule. "Where a corporation had its place of business in one town, with a part of the personal property stored in another town, such property is only taxable in the town where its place of business is located." Ferry Co. v. Middletown, 40 Conn. 65; R. R. v. Alexandria, 17 Gratt. (Va.), 176. See also note 5, page 186, Burroughs on Taxation, with a large number of cases cited, holding the same doctrine.
Error.