CASE 95—ACTION BY CITY OF LOUISVILLE AGAINST FLORENCE BOTTO'S EXECUTOR FOR CITY TAXES.—MARCH 3.

# Botto's Exr. v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

TAXATION—TRUST PERSONALTY—WHERE TAXABLE—RETROSPECTIVE ASSESSMENT.

Held: 1. Personalty held by a testatmentary trustee is taxable at the domicile of the beneficiary.

2. Where property taxable in a city is not assessed there during the period prescribed by statute for making the assessment, the assessor is authorized, independently of statute, to assess it retrospectively at any time before the right to assess and collect taxes is barred by the statute of limitations.

GRUBBS & GRUBBS, ATTORNEYS FOR APPELLANT.

POINTS AND AUTHORITIES.

1. The facts in this case take it out of the rule announced in City of Lexington v. Fishback's Trustee, 109 Ky., 770; Dohn v. Dohn, 23 Ky. Law Rep., 356; State v. Cornell, 31 N. J. L., 374; State v. Hanson, 36 N. J. L., 50; Vol. 2, Am. & Eng. Ency. of Law (2d ed.), 392.

2. Except as controlled by statute, personal property subject to a trust must be assessed at the trustee's domicile, that being the domicile of the legal owner. Note to Buck v. Miller, 62 Am. St. Rep., 466; New Albany v. Meekin, 56 Am. Dec., 535; Guthrie v. Pittsburgh, &c. Ry., 158 Pa. St., 438; Walla-Walla v. Moore, 16 Wash., 538, 58 Am. St. Rep., 31; City of Lexington v. Fishback's Trustee, 109 Ky., 770, 22 Ky. Law Rep., 1392; Trustees, &c. v. Augusta (Ga.), 20 L. R. A., 151 and note Cooley on Taxation (3d ed.), p. 660; Price v. Hunter, 34 Fed. Rep., 355, 25 Am. & Eng. Ency). (1st ed.), 153.

3. There is no statute in Kentucky bearing on this question, and the above rule should prevail. Secs. 4023, 4024, 4052, 3003,

Kentucky Statutes; Bullitt & Feland, Revised Statutes (1873), chap. 92; Cooley on Taxation (3d ed.), p. 812.

4. The Kentucky decisions are in harmony with this rule, with the exception of the case of City of Lexington v. Fishback's Trustee, and to the extent it conflicts we contend it should be overruled. City of Louisville v. Sherley, 80 Ky., 71; Schmidt v. Shaver, 89 Am. St. Rep., 270; Baldwin v. Shine, 84 Ky., 512; Boske v. Safety Vault Co., 22 Ky. Law Rep., 181; Harting's Exor. v. City of Lexington, 19 Ky. Law Rep., 1829.

5. The laches in prosecuting this action bars the claim therein made for 1893 taxes. Beckwith v. South Covington, &c. Co., 23 Ky. Law Rep., 2313; Morgan v. Currie, 3 A. K. Mar., 293.

6. The city assessor of cities of the first class has no authority to retrospectively assess personal property which has been omitted from the regular assessment, and any such attempted assessment is void. Cooley on Taxation (3d ed.), pp. 547, 468; Judson on Taxation, sec. 431, p. 550; Kniper v. City of Louisville, 7 Bush, 600; Judge Campbell Co. v. Taylor, 8 Bush, 208; Caldwell v. Rupert, 10 Bush, 180; Railroad v. Warren Co., 10 Bush, 724; Murray v. Tucker, 10 Bush, 241; Pennington v. Woolfolk, 79 Ky., 13; Aetna Life Ins. Co. &c. v. Coulter, &c., 25 Ky. Law Rep., 198; Kentucky Statutes, secs. 2984, 2986, 2987, 2988, 4022, 3376, 3553, 3657, 3676, 3179, 3393, 3543, 3655, 4241, 4260, 4090; Louisville, &c. Co. v. Com., 22 Ky. Law Rep., 446; Levi v. City of Louisville, 97 Ky., 394.

H. L. STONE, CITY ATTORNEY, FOR APPELLEE.

Our contention

1. The situs of the personal property assessed was on September 1, 1892, and September 1, 1896, respectively in the city of Louisville.

Mrs. Botto being to all intents and purposes the *beneficial* owner of the estate in the hands of the trustee, for her life, and the sole beneficiary thereof at the time of the assessment as of September 1, 1896, the estate in the hands of the trustee, Lindenberger, was properly at the place of *her* residence instead of at the place of *his* residence. City of Lexington v. Fishback, Trustee, 22 R., 1392; City of Louisville v. Sherley, 80 Ky., 71; Kentucky Statutes, secs. 4023, 4024.

2. The contention that the tax bill for the year 1893 is barred by laches or delay in the prosecution of this action, is untenable. City of Louisville v. Johnson, 95 Ky., 254; City of Louisville v. Meglemry, 21 R., 751.

3. The city assessor of appellee city of Louisville, has power

to retrospectively assess personal property. Kentucky Statutes, secs. 2980, 2985, 2988, 2991, 2995; Stone, Auditor v. City of Louisville, 22 R., 423; Levi v. City of Louisville, 97 Ky., 394; Fourth Compilation Louisville City Ordinances, pp. 347-348, 407-410; Cooley on Taxation, pp. 281-2-3-4, 289-91; Anderson v. City of Mayfield, 93 Ky., 230.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

Under the will of James F. Irvin, who died in 1893, domiciled in the city of Louisville. J. H. Lindenberger, as trustee, held the devised estate. The testator left a widow and a son, Guy Irvin, who lived in the city of Louisville until their deaths, in 1900 and 1895, respectively. The trustee lived at Cresent Hill, and outside of the corporate limits of the city of Louisville. The taxes sought to be collected were for the years of 1893 and 1897. The record conduces to show that the widow and son were the beneficiaries of the income of the estate for the year of 1893. The son died in 1895, and the widow was entitled to the whole income from the estate in 1897.

The first question to be determined is whether the personal property in the hands of the trustee was taxable at his domicile or at the domicile of the beneficiaries of the estate. The general doctrine is that such property is taxable at the domicile of the trustee. It is competent for the Legislature to provide otherwise for its taxation. This court, in the City of Lexington v. Fishback's Trustee, 109 Ky., 770, 22 R., 1392, 60 S. W., 727, held that the property should be assessed at the domicile of the equitable or beneficial owner. The facts of this case do not distinguish it from that case. It is sufficient to say that the court, without further elaboration, adheres to the doctrine of the Fishback case.

The remaining question in the case is, has the city assessor the right to retrospectively assess personal property?

It was not assessed during the period prescribed by the statute for making the assessment. The statute seems to be silent as to the right of the assessor to retrospectively assess personal property which was omitted at the time of the regular assessments. There are no words in the statute which negative the right of the assessor to so assess omitted property. The statute prescribing the time in which assessments shall be made is directory, in the absence of words showing that the officer or officers 'shall not act at any other time. The neglect of the officer to assess the property within the time prescribed by law is no excuse for the taxpayer's refusal to share the burdens of the government. When the assessment is made at a later time than prescribed by law but within such time as the right to assess and collect. the taxes is not barred by the statute of limitation, the proceeding is not void, and the taxpayer is not relieved from the payment of his taxes. Cooley on Taxation (2d. Ed.) 281 says: "But the negligence of the officers, their mistakes of fact or of law, and many other causes, will sometimes prevent a strict obedience; and, when the provisions which have been disregarded constitute parts of an important and perhaps complicated system, it becomes of highest importance to ascertain the effect the failure to obey them shall have on the other proceedings with which they are associated in the law. . . . The municipalities, it has been seen, levy and collect taxes not only for their own purposes, but also under State apportionment for the State at large. The power to levy taxes for local uses is usually conferred upon them in merely promissory terms—terms implying a discretion to levy them or not, at the will of the local majority or the local board." On page 283 he says: "If by the use of negative words it requires a particular proceeding to be taken in a particular

time or manner, and makes it void if not so done, or gives it effect provided it is so done, or declares that, unless it is taken, subsequent proceedings shall not be had, or prohibits its being done except at the time the statute prescribes, or if any terms plainly imperative are employed, the intent is clear, and no discretion can be permitted in construction. It is not often, however, that these or similar words are met with in the statutes which define official duties under the revenue laws, and the construction of particular provisions must be left for determination in such light as the obvious purpose they were intended to accomplish may afford. . . . No one should be at liberty to plant himself upon the nonfeasances or misfeasances of officers under the revenue laws which in no way concern himself, and make them the excuse for a failure on his own part to perform his own duty. . . . In one of the most recent cases in which this has been attempted, the general doctrine is stated as follows: "There are undoubtedly many statutory requisitions intended for the guide of officers in the conduct of business devolved upon them which do not limit their power, or render its exercise in disregard of the requisition ineffectual. Such generally are regulations designed to secure order, system, and dispatch in proceedings, and by a disregard of which the rights of parties interested can not be injuriously affected. Provisions of this character are not usually regarded as mandatory, unless accompanied by negative words, importing that the act required shall not be done in any other manner or time than that designated.'" On page 284 he says: "All legislation must be supposed to take in to account the possible, if not probable, mistakes and irregularities of officers in executing the provisions of the law; and it is hardly reasonable to infer an intent on the part of a legislative body that

a failure of administrative officers to comply with any provision made for the benefit of the State exclusively, or merely as a guide in orderly proceedings, should deprive the State of all benefit to be derived from a compliance with other provisions that embody the main purpose and object of the law." The correctness of the doctrine announced by Cooley is approved by Anderson v. City of Mayfield, 93 Ky., 230, 14 R., 370, 19 S. W., 598. There is no express statute authorizing the board of valuation and assessment to make retrospective assessments, but this court in Louisville & Jeffersonville Ferry Co. v. Commonwealth, 108 Ky., 717, 22 R., 446, 57 S. W., 624, held it could be done. In Stone, Auditor, v. City of Louisville, 22 R., 423, 57 S. W., 627, the court required the board of valuation and assessment to make a retrospective assessment. It is insisted that, because there is a provision of the statute governing cities of the first class which authorizes the assessor to retrospectively assess real property, thereby the right to retrospectively assess personal property is denied. Under the Anderson case, this right existed. Therefore we must conclude that the provision of the statute which authorizes the retrospective assessment of real property is simply declaratory of the right which previously existed. That taxpayers may be protected, section 2995, Ky. St., authorizes the mayor to reconvene the board of equalization, thus enabling it to hear the complaints of taxpayers as to excessive assessments, etc.

The judgment is affirmed.