## Veith, et al. v. City of Newport, et al.
## City of Newport, et al. v. Veith, et al.

(Decided April 25, 1911.)

### Appeals from Campbell Circuit Court.

1. Cities—Ordinances—Assessment of Property—Repeal by Implication Not Favored.—The act of 1902 does not repeal the ordinance of the City of Newport, under the act of 1893, requiring notice to a taxpayer where the assessment of his property is raised above that of the previous year. Repeal by implication is not favored.

2. Same.—An assessment of property above that of the previous year without notice to the taxpayer as provided by the ordinance is invalid and will not be enforced as a valid assessment so far as the assessment of the previous year was not raised.

3. Same—Notice—Board of Equalization.—In such a case the assessor will be required to reassess the property on notice to the taxpayer, and the Board of Equalization will be required to meet and pass on it; though the time for this fixed in the statute has passed. Statutes fixing the time when public officers shall act being in such matters only directory.

SAMUEL C. BAILEY, GEO. VEITH, Attorneys for VEITH & RUBENSTEINS.

C. T. BAKER, Attorney for city.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

Newport is a city of the second class. By the act of March 19, 1894, governing cities of the second class, it

was provided that all property should be assessed for taxation annually. Under this act the general council of the city of Newport passed an ordinance, approved July 30, 1895, providing that, whenever in any year the assessor assessed any real property at a greater value than that of the year immediately previous, he should notify the owner by mailing to him a statement showing the number of the lot, the assessment of the previous year, and the amount of the increase. By an act approved March 29, 1902 (see section 3174 of the Kentucky Statutes), it was provided that real property in the city should be assessed in the year 1902 and every four years thereafter; that the assessor should annually correct the valuation of any real estate on which any new structure of value over one hundred dollars had been in the meantime erected, or on which any structure of like valuation had been destroyed, and where transfers of real estate had been made, he should make the necessary changes in the names of the owners.

In making the assessment for the year 1910, the assessor did not notify any person in writing, whose property he had increased over the previous assessment and so returned his assessment. George Veith and others, suing for themselves and other taxpayers whose assessment had been increased by the assessor, then brought this suit against the city to enjoin the collection of the taxes in so far as their assessments had been increased, on the ground that the increase having been made without notice to them, was void. On a hearing of the case the circuit judge held that notice was necessary to an increase of an assessment, and directed the assessor to reassess so much of the property as was increased by him without notice to the owner, the assessment to be made as of the first day of September, 1910, and if any increase was made over the previous year's assessment, to give notice to the owners thereof according to the order. He was also directed, when he had done this, to return to the auditor his assessment book, duly certified, and the auditor was directed, within a reasonable time after public notice, to reconvene the Board of Equalization to review the assessment and hear complaints. The city was enjoined from collecting any taxes upon the value of the property, increased by the assessor without notice, to the extent of the increase, until it was reassessed as di-

rected in the judgment. From this judgment both parties have appealed.

It is insisted for the city that the ordinance requiring notice of an increase of assessment over that of the preceding year is repealed by the act of 1902. There is nothing in the act indicating such a purpose on the part of the Legislature. It simply subtitutes one method of assessment for another. The powers of the council are the same under one act as under the other. Repeals by implication are not favored. There is the same reason for notice to the taxpayer of an increase in his assessment under the new law as under the old, the purpose being to give him an opportunity to be heard and to have a correction made if proper. There is greater necessity now for the notice than under the old law, for the assessment now made stands for four years, and an erroneous assessment would impose a greater hardship on the taxpayer now than under the old law, when the assessment was only made for one year. The circuit court properly held that the notice was necessary and should be given by the assessor. When he made the assessment without giving the notice, he acted without authority, as it was clearly contemplated that the taxpayer should have an opportunity to be heard in these matters.

It is insisted for the taxpayers that only the increase was void, and that they should have been adjudged to pay their taxes upon the old assessment; but that is not the contemplation of the act. The act contemplates that the assessments may be raised at the end of four years. Although the quadrennial assessment was made four years before, that assessment had been corrected annually, and there was an assessment for the previous year under the act of 1902. When the assessor raised a taxpayer above this, he should have given notice. His failure to give the notice invalidated the assessment. The assessment is an entirety. The purpose of the act would be entirely defeated if these taxpayers were allowed now to pay for four years on an inadequate assessment made four years ago.

The case comes to this: The assessor, within the time allowed by the law for that purpose, made an invalid assessment of the property of the taxpayer in question, and failed to make a proper assessment. Having failed to do his duty within the time allowed by law, he was properly required to do it now. Statutory prescriptions in re-

gard to the time in which public officials shall act are usually held directory, as they are not of the essence of the thing to be done, but are simply directions to secure system and the timely performance of the public business. (Johnson v. Logan County, 111 Ky., 698.) We have in a number of cases applied this principle to the assessment of property. (Anderson v. Mayfield, 93 Ky., 230; Louisville Ferry Co. v. Commonwealth, 108 Ky., 717; Botto v. Louisville, 117 Ky., 798.)

As the assessor has not made a valid assessment of the property of the taxpayers in question, there has been nothing on which the Board of Equalization could act as to them; and so the board may now be called together to act on the new assessment when it is made by the assessor upon proper notice, as directed in the judgment. The circuit court properly so held, and its judgment on both the appeals is affirmed.