CITY OF AUSTIN v. GREAT SOUTHERN
LIFE INS. CO. (No. 6196.)

(Court of Civil Appeals of Texas. San Antonio. April 16, 1919. Rehearing Denied May 7, 1919.)

1. TRIAL ☞391 — FINDINGS OF FACT — CITY CHARTER.

Where a city charter is made a public act to be read in evidence without proof, it should be cited as a law and not found as a fact.

2. TAXATION ☞265 — PERSONAL PROPERTY — SITUS—PROMISSORY NOTES.

A promissory note is tangible personal property to be taxed as other personal property where situated.

3. TAXATION ☞253 — SITUS OF PERSONAL PROPERTY — CONSTITUTIONALITY OF STATUTES.

Rev. St. 1911, art. 4749, providing for deposit of securities by insurance companies with the state treasurer, and that for taxation purposes the situs of such property shall be at the home office of the companies, is unconstitutional in view of Const. art. 8, § 11, fixing the situs of personal property for taxation in the county where situated.

4. TAXATION ☞265 — SITUS OF PROPERTY — PROMISSORY NOTES DEPOSITED BY INSURANCE COMPANIES.

Where promissory notes were deposited by an insurance company domiciled in another county with the state treasurer, the situs of such notes for taxation purposes was in the county where deposited, and could not be rendered for taxation in any other county.

5. TAXATION ☞102 — SITUS OF PROPERTY — PAYMENT OF TAXES IN WRONG COUNTY.

That a taxpayer pays taxes on personal property in the wrong county does not prevent an assessment in the county where the property is actually situated.

6. MUNICIPAL CORPORATIONS ☞958 — AUTHORITY TO TAX—CHARTER PROVISIONS.

The charter of the city of Austin held to authorize taxation of personal property situated within its borders.

7. TAXATION ☞640—ENFORCEMENT—LIMITATIONS.

Under Rev. St. 1911, art. 7662, the statute of limitations does not apply as a defense against payment of taxes.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by the City of Austin against the Great Southern Life Insurance Company. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

J. Bouldin Rector, J. W. Maxwell, and Lightfoot, Brady & Robertson, all of Austin, for appellant.

L. A. Carlton, of Houston, N. A. Stedman, of Austin, Williams & Neethe, of Galveston, J. N. Gallagher, of Waco, Brooks, Hart & Woodward, of Austin, A. J. Bell, of San Antonio, Seay & Seay, of Dallas, Oliver J. Todd, of Beaumont, and Charles L. Black, of Austin, for appellee.

FLY, C. J. This is a suit for the recovery of taxes, alleged to be due for the years 1911 to 1916, inclusive, on certain notes and securities deposited by appellee with the state treasurer in Austin, instituted by appellant against appellee. The petition was answered by general and special exceptions, a general denial, and pleas denying the right of appellant to tax the property of appellee, alleging that its situs was in Houston, where the domicile of the company was situated, and where the taxes for the years named had been paid on the property. The assessment of the property by appellant was also assailed. The cause was tried without a jury, and judgment rendered against the claim of appellant.

The parties agreed on what is denominated "an agreed statement of facts," but which consists largely of agreements that certain

allegations in the petition are true and others are not true, and to ascertain the allegations would require a painstaking perusal and sifting of the entire pleadings. So arranging the agreed statement of facts was undoubtedly a time and labor conservator, but not for the appellate court. If the matters agreed to were all necessary in arriving at a conclusion as to the law of this case, it would entail a vast amount of labor for the court, which might have been prevented by a proper arrangement of the facts in the lower court. The agreed statement was made the conclusions of fact of the lower court.

[1] Only a few salient facts gleaned from the conclusions of facts are necessary to a full and comprehensive consideration of every point of law presented by the record. We ascertain by an inspection of the conclusions that the city of Austin assessed for taxation certain promissory notes deposited by appellee with the state treasurer, within the bounds of the city of Austin, and found by the latter within its bounds on the 1st day of January of the years 1911 to 1916, inclusive, that is for five years, and that such notes and securities were of the reasonable value for which they were taxed, and were on deposit with the state treasurer in Austin. Appellee had rendered for taxation, and had paid the taxes, on the securities deposited in Austin, in Houston, Harris county, Tex., which was its domicile in the state. The deposits were voluntarily made by appellee with the state treasurer, for advertising purposes. More than half of the agreed statement of facts consists of provisions of the charter of the city of Austin which was enacted in 1909, and was made a public act to be read in evidence without proof. In other words, the charter is law to be taken cognizance of in any court in Texas without proof, and which has no more place in a statement of facts than any other law of the state. It should be cited as a law, and not found as a fact.

Through the first assignment of error, the conclusion of the trial judge that the situs of the promissory notes for purposes of taxation was in the city of Houston, and not in the city of Austin, is assailed. The statement thereunder consists of a copy of the larger portion of the petition and of the findings of fact and conclusions of law of the trial judge. To the same effect as the first assignment of error are the third, fourth, and fifth assignments of error, and disposition of one disposes of the others.

The charter of the appellant clearly gives authority to it to levy taxes on all property values within its boundaries, and the city assessor and collector is given full authority to require any property discovered by him to have escaped taxation for any past year to be listed and assessed according to the rate of taxation levied for the year or years it was omitted. Miller's Mutual Fire Insurance Co. v. City of Austin, 210 S. W. 825, rendered by this court and not yet officially published. The facts show that the property was discovered and was properly listed and assessed for the years for which the taxes were claimed. The facts also show that the promissory notes, upon which taxes were assessed, were voluntarily deposited with the state treasurer in the city of Austin, and were so held by him on deposit on the 1st day of January of each year for which the taxes are claimed to be due.

It is probably unnecessary, and possibly unprofitable, for this court to discuss the situs for taxation purposes generally of promissory notes deposited under the circumstances of this case, except in so far as such situs may be affected by the provisions of article 4749, for the reason that the Supreme Court of Texas has definitely fixed the situs of such property, in City of Austin Guaranty Life Ins. Co. v. City of Austin, 108 Tex. 209, 190 S. W. 189. The decision in that case followed in all essentials a decision rendered in the same case by the Court of Civil Appeals of the Third District, 165 S. W. 53.

In the cited case, the domicile of the appellant was in Houston, as is the domicile of the appellee herein in Houston, and it had voluntarily deposited securities with the state treasurer, as in this case, and the city of Austin had assessed taxes against the insurance company, as in this case. It was held in both decisions that the promissory notes were personal property under the provisions of article 7505 of the Revised Statutes; that, being personal property, their situs for taxation was fixed by the state Constitution, § 11, art. 8, "in the county where situated"; and, being employed for business purposes in the city of Austin, they were situated there and could be taxed there. The Supreme Court held that article 7510 "clearly contemplates that any property classified as personal property by article 7505 and having a concrete form may acquire a situs distinct from the place of the owner's residence." The court further held:

"A temporary possession by the treasurer of the notes would not have afforded the benefit sought by the deposit, since under the law the facts of the deposit could be advertised and printed on the plaintiff in error's policies only while the notes were in the treasurer's possession. That the plaintiff in error had access to the notes and the right at any time to withdraw them does not alter the fact that while they were on deposit with the treasurer they were out of its possession. * * * Where a particular business purpose can be accomplished only by locating property at a certain place, and the property is so located and devoted to the purpose for more than a temporary period, it very clearly acquires a situs at that place."

The opinion is in line with Hall v. Miller, 102 Tex. 289, 115 S. W. 1168; Jesse French Piano Co. v. Dallas, 61 S. W. 942; State v. Fidelity Co., 35 Tex. Civ. App. 214, 80 S. W. 544; and Hall v. Miller, 110 S. W. 165.

In the case of Jesse French Piano Co. v. City of Dallas, herein cited, and which was decided by this court, it was first clearly held in Texas that notes were personal property, subject to taxation where situated irrespective of the domicile of the owner, and a writ of error was refused by the Supreme Court. The decision has been often cited with approval, even being cited in the case of State v. Fidelity Co., which is cited by the Supreme Court in Hall v. Miller, 102 Tex. 289, 115 S. W. 1168, as being the pioneer case in Texas on the subject. However, the Piano Co. v. Dallas Case was cited in the Hall v. Miller Case, with strong approbation by the Court of Civil Appeals. All those cases long ago established that promissory notes were personal property to be taxed, as other personal property, where situated, and it is no new doctrine announced in Guaranty Life Ins. Co. v. Austin, when it is said:

"When they are thus made to perform the functions of tangible personal property, they have all the character of that class of property, and are as fully capable of acquiring a situs apart from their owner's domicile as any property of that class."

Under that rule, promissory notes would be like cattle or horses, or stocks of merchandise, and would not depend on the domicile of the owner to fix their situs for taxation, but would "be assessed for taxation, and the taxes paid in the county where situated," as provided by the Constitution. The rule that personal property shall be taxed at the domicile of the owner is based upon the fiction that the owner keeps his personal property at his domicile; but it is a mere fiction. Certainly, wherever personal property is kept for business purposes, it has a fixed situs regardless of the domicile of the owner. As demonstrated in the Guaranty Life Ins. Co. Case, under facts almost identical with those in the case now being considered, the deposit was made in Austin "for a business purpose and for an evident business advantage, which could be accomplished only by placing the notes in the custody of the treasurer, namely, the privilege of advertising that securities representing the plaintiff in error's capital stock were in the hands of the treasurer of the state, and also having its policies of insurance attest that fact."

[2] There would therefore, under the decisions of the Supreme Court and Courts of Civil Appeals, be no room for argument as to the taxability of the notes in Austin, were it not for the provisions of article 4749, which, after providing for the deposit of securities with the state treasurer, closes the article as follows:

"For the purpose of state, county and municipal taxation, the situs of all personal property belonging to such companies shall be at the home office of such company."

That provision presents a new and grave question, one which the Supreme Court mentioned, whether to show that the law might change the complexion of the decision, or merely to show that under the facts the law could be a question for consideration, is not indicated. Neither is it apparent why the court, in discussing the matter of notes acquiring a situs different from the domicile of their owner, should say:

"They could not be held as less capable of acquiring such a situs merely because owned by a resident of the state, in the absence of a positive statute fixing the domicile of the owner as the place for their taxation. We have no such statute."

Whether that be an intimation that the statute could fix the situs for taxation of personal property anywhere the Legislature might choose, we know not. Again in the opinion it is held:

"According to the ancient rule, all personal property followed the owner and was subject only to the laws of the jurisdiction of his domicile. This was a fiction of the law, and there can be no doubt of the power of a state to modify it by statute."

That seems an intimation that the Legislature has the authority to fix the situs for the taxation of personal property wherever it might desire, and, if that be the law, article 4749 is constitutional, and the notes of appellee were situated in Harris county, and not in Austin. With due respect and consideration for the expressions quoted from that decision, it is clear that they are obiter dicta and not necessary to the decision, nor demanded by the facts, and still they are disturbing elements when the questions involved are approached, and may be indicative of the trend of thought of at least one member of the Supreme Court. However, the question not being necessary to the proper decision of that case, it, consequently, may be presumed that it did not receive full and mature consideration. We have mentioned the copied expressions for criticism, but on account of appellee relying on them as the opinion of the court.

As before stated, the Guaranty Life Insurance Case did classify promissory notes, used as these were, as personal property, and placed them in the same category for taxation as any other personal property, whether cattle, horses, lumber, boats, or automobiles, for, "when they are thus made to perform the functions of tangible personal property, they have all the character of that class of property, and are as fully capable of acquiring a situs apart from their owner's domicile as any property of that class." If that dec-

laration is supported by logic and reason, as we think it is, then decisions, especially Texas decisions, as to any kind of personal property being required by the Constitution to be taxed at the place of its actual situs and not subject to legislative action, would be pertinent and conclusive. In the case of City of Galveston v. Guffy Co., 51 Tex. Civ. App. 642, 113 S. W. 585, appellant sought to recover taxes on certain barges, schooners, and steamers owned by the Guffy Petroleum Company, were enrolled in the United States custom house in Galveston, in compliance with federal law, that appellee refused to pay the taxes at Galveston, that none of the vessels had ever been actually in Galveston or Galveston Bay, but were used at Port Arthur, Tex.; and the Court of Civil Appeals at Galveston held:

"The Legislature may, in certain instances, give to property an artificial situs for the purposes of taxation; but when the property is physical in character, or of a nature that can acquire an actual situs, it must under our Constitution be taxed in the county where actually situated."

Article 7514, Rev. Stats., gave the authority under which the city of Galveston was demanding taxes on the vessels, and it provides:

"All persons, companies and corporations in this state owning steamboats, sailing vessels, wharf boats and other water crafts shall be required to list the same for assessment and taxation in the county in which the same may be enrolled, registered or licensed, or kept when not enrolled, registered or licensed."

The vessels had been enrolled, registered, and licensed in the city of Galveston, and consequently came within the letter of the statute quoted, and if it was constitutional the city of Galveston was undoubtedly authorized to collect taxes on the boats; but the Court of Civil Appeals held it unconstitutional, and the Supreme Court refused a writ of error. The same question came before this court in the case of State v. Higgins Oil & Fuel Co., 116 S. W. 617, and in the original opinion it was held that under the law the vessels belonging to appellee were subject to taxation in Galveston, where registered and not in Jefferson county where situated, and a judgment against the state, where it sought to recover taxes at the situs in Jefferson county, was affirmed. On a rehearing, however, the Guffy Case was brought to the knowledge of this court, and the judgment of the lower court was reversed and judgment rendered in favor of the state for the taxes sought to be recovered. Those two decisions have not been challenged.

That the notes sought to be taxed in this case had an actual situs for taxation purposes, just as much so as the boats in the two cases discussed, is not open to question. That has been settled beyond cavil, dispute,

or argument in the Guaranty Life Insurance Company Case, in which the facts are identical with those in this case.

That promissory notes are such personal property as can obtain and fix a situs for taxation, independent of the domicile of the owner, is fully sustained by high and unquestioned authority in other states. In the case of People v. Trustees, 48 N. Y. 390, it was held:

"Notes, bonds, and other contracts for the payment of money have always been regarded and treated in the law as personal property. They represent the debts secured by them. They are the subject of larceny, and a transfer of them transfers the debt. If this kind of property does not exist where the obligation is held, where does it exist? It certainly does not exist where the debtor may be, and follow his person. And while, for some purposes in the law, by legal fiction, it follows the person of the creditor and exists where he may be, yet it has been settled that for the purpose of taxation, this legal fiction does not, to the full extent, apply, and that such property belonging to a nonresident creditor may be taxed in the place where the obligations are held by his agent."

The Supreme Court, in the Guaranty Life Insurance Case, has removed all distinction, in this regard, between the resident and nonresident.

In the case of Washington Co. v. Jefferson, 35 Minn. 215, 28 N. W. 256, the Supreme Court of Minnesota held:

"For many purposes the domicile of the owner is deemed the situs of his personal property. This, however, is only a fiction, from motives of convenience, and is not of universal application, but yields to the actual situs of the property when justice requires that it should. It is not allowed to be controlling in matters of taxation. Thus corporeal personal property is conceded to be taxable at the place it is actually situated."

A number of other cases to a like effect are cited and reviewed by this court in the case of Jesse French Piano & Organ Co. v. City of Dallas, herein cited, and the whole matter fully treated. The Supreme Court denied a writ of error in that case.

Whatever fiction may have existed as to the situs of personal property following the domicile of the owner, regardless of where it may actually be situated, the Constitution of Texas has destroyed such fiction, so far as the situs for purposes of taxation is concerned, for section 2, art. 8, declares that—

"All property owned by persons or corporations, shall be assessed for taxation, and the taxes paid in the county where situated."

It does not provide for taxation where the owner resides, or the corporation has its domicile, but "in the county where the property is situated." The Legislature in article

7510, follows the Constitution and declares that—

"All property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated."

The Supreme Court having decided that notes belonging to appellee had established a situs in Travis county, the Constitution imperatively demands that they shall be taxed in Travis county, and any attempt to revive the dead fiction as to the notes being taxable only at the domicile of their owner is unconstitutional and void.

The case of Ferris v. Kimble, 75 Tex. 476, 12 S. W. 689, has been cited for the purpose of distinguishing it a number of times, and it is strongly relied on by appellee as sustaining its contentions. In that case it appeared that Ferris lived outside of the town of Waxahachie, but had promissory notes in a bank vault in Waxahachie, being to all intents and purposes in his possession. As said in Guaranty Life Insurance Case: "The facts of the case plainly distinguish it from the present one." Appellee has no other Texas case which tends in the least to sustain its contentions, while there are cases which completely meet and destroy its contentions; and, of course, the opinions of our courts, and not those of other states under other Constitutions and statutes, must take precedence as an authority.

[3] We always hesitate to declare a statute unconstitutional, setting aside, as such declaration does, the solemn act of the lawmaking branch of the state government. It is the exercise of a judicial power which in past years was severely criticized and often condemned. The Supreme Court of Texas has gone so far as to hold that every statute must be sustained "unless its invalidity be apparent beyond a reasonable doubt," giving it the same protection from attack that the life and liberty of a citizen is given in courts administering criminal laws. Ashford v. Goodwin, 103 Tex. 491, 131 S. W. 535, Ann. Cas. 1913A, 699. It is therefore with much hesitancy and after full and careful consideration that we declare that the last provision of article 4749, herein copied, cannot be reconciled with the declaration of section 11 of article 2 of the Constitution, keeping in view the opinion in Guaranty Life Ins. Co. v. City of Austin, 108 Tex. 209, 190 S. W. 189. If promissory notes, as held in that case, can acquire a situs like any other tangible personal property, it is "apparent beyond a reasonable doubt" that the attempt to make the domicile of certain corporations the situs for taxation of their personal property is unconstitutional, and null and void. If notes belonging to appellee are only taxable in Harris county, any other property, of every class and character, belonging to it,

is taxable in Harris county, although it may be actually situated in the Pan Handle or El Paso county and never have entered Harris county.

There is no force or merit in the argument that the Constitution requires that property must be taxed in the county where situated and does not therefore require that it must be taxed in the city or town where situated. The Constitution fixes the situs for taxation of the notes in Travis county, the city of Austin is in Travis county, and the notes are in the city of Austin, and the Legislature has given Austin the authority to tax personal property within its bounds. Under such an argument, the clause of article 4749, under consideration, might be unconstitutional so far as state and county taxes are concerned, but constitutional so far as municipal taxes are affected. Under that theory the notes could not be taxed anywhere, for they could not be taxed in Houston, because not situated in Harris county, and could not be taxed in Austin because the Constitution does not so provide.

In the cases cited by appellee from other states, notably California and Kentucky, promissory notes seem to be classed as intangible property, which is in direct conflict with Texas decisions which hold them to be tangible personal property like cattle, horses, or sheep. In the case of City of San Francisco v. Lux, 64 Cal. 481, 2 Pac. 254, relied on by appellee, it was held that the situs for taxation of bank deposits is the domicile of the depositor which is in line with Ferris v. Kimble, herein cited, and does not sustain the contentions of appellee. In that case the opinion is largely devoted to distinguishing it from other California cases, in one of which it was held that cattle should be assessed and taxed in the county where they were situated; that a schooner should be taxed where situated; and one case (People v. Park, 23 Cal. 139) in which it was held:

"We think the proper construction of the revenue law of 1860 is that all personal property of a tangible character was properly taxable in the county where it was actually situated at the time of the commencement of the assessment."

In the case of City of Henderson v. Barrett, 152 Ky. 648, 153 S. W. 992, certain bonds and stocks were held to be intangible property and taxable at the domicile of the owner, because the Legislature, as authorized by the Constitution, had so declared. No constitutional provision as to situs was construed. To the same effect are the cases of Botto v. Louisville, 117 Ky. 798, 79 S. W. 241, and Commonwealth v. Life Ins. Co. (Ky.) 107 S. W. 233.

The case of Winston v. Salem, 131 N. C. 404, 42 S. E. 889, which appellee says construes a constitutional provision similar to

the Texas constitutional provision, under consideration, copies the North Carolina provision, as follows:

"All taxes levied by any county, city, town or township, shall be uniform and ad valorem upon all property in the same."

The similarity of the two provisions is not clearly apparent. In that case one of the seven justices concurred apologetically, another styled himself "dubitante," and a third dissented and stated what seems to be a reasonable construction of the Constitution.

[4-6] Under our construction of the state Constitution, the situs of the property for taxation was in Travis county, and appellee was not authorized to render it for taxation, in any other county, and, if it did so and paid the taxes there, that would not prevent an assessment where the property was actually situated. The charter of the city of Austin is clear and explicit in providing that all property, real, personal, or mixed, "made taxable by the laws of the state of Texas, which is situated in the city of Austin on the 1st day of January of each year, * * * shall be subject to taxation by said city for all purposes provided in this chapter, including the support of the public free schools of this city." Provision was also made that taxes should not be barred by limitation, and for the assessment of back taxes. The property was assessed for taxation under the direct terms of the charter. If appellee desired to otain the benefit of article 4764, which provides the method to be followed by insurance companies in the rendition of their personal property, it should have rendered its property where situated. Appellee did not attempt to follow that method, but failed and refused to render its personal property, situated in Travis county, for assessment. It cannot complain that the manner of valuing its property was not as it was permitted to render it, for such valuation could be made by it, and no one else, for it alone had the data provided for in article 4764, and such rule could not be followed by the city of Austin. The statute was enacted for its benefit, and it cannot defeat taxation of its property by a refusal to assess it. It is admitted that appellant assessed the property at reasonable and proper values, according to the terms of the charter. If the property was assessed for a greater value than it should have been, that was a matter of defense to be pleaded and proved by appellee. That was not done by appellee. If appellee desired the benefit of a law which is probably open to the charge of discrimination in its favor, it should have followed it to the letter and rendered its property where it was situated, as the Constitution requires.

It is provided in article 7566, Revised Statutes:

"If the assessor of taxes shall discover in his county any property, or, outside of his county but belonging to a resident of the county, and [any] personal property which has not been assessed or rendered for taxation every year for two years past, he shall list and assess the same for each and every year thus omitted which it has belonged to said resident, in the manner prescribed for assessing other property; and such assessment shall be as valid and binding as though it had been rendered by the owner thereof."

That statute, of course, does not apply to the facts of this case, because it only refers to county assessments of personal property in and outside the county owned by residents of the county, and is meant probably to reach property sent out of a county to avoid assessment. It has been held, in some instances, that municipal charters can authorize taxation in a different mode from that adopted by the Legislature in respect to state taxation. Dillon, Mun. Corp. §§ 235, 1404, and 1405, and authorities cited in footnotes.

[7] Appellee seeks to use the statute as a rule of limitation, but it must be construed in connection with article 7662, which says:

"No delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any statute of limitation by way of defense against the payment of any taxes due from him or her either to the state or any county, city or state (town)."

That effectually settles any question as to pleading limitations against taxes. Abney v. State, 20 Tex. Civ. App. 101, 47 S. W. 1043.

As held in the case of Miller's Ins. Co. v. City of Austin, herein cited, the charter of appellant gives full authority to assess and collect back taxes whether they accrued before or after the law granting the charter was enacted. The theory that the Legislature intended to permit appellant to collect taxes on unrendered property that might be discovered to have evaded payment before the charter was enacted, and never permit such taxes to be collected thereafter, is too strong a draft on common sense and reason to be honored by any appellate court. Such a construction would render the provision utterly indefensible. As said by the Supreme Court of Maryland in Roland Park v. State, 80 Md. 448, 31 Atl. 298:

"What we have to do is to discover the legislative intention, and to give to it, when ascertained in accordance with established canons and rules, full and complete effect. The mere words which the Legislature may use are not always controlling."

The Legislature gave the city of Austin the authority and power to tax all property

situated within its limits, and it must be kept in mind that the question now under consideration is not one of authority to tax, but of authority to assess. The property, as we hold, was subject to taxation, and it had escaped assessment, and assessments are not subject to the rules applied to taxation. Dillon, Mun. Corp. § 1445. If a manner of assessment is prescribed in the charter, it must be followed, and it is admitted that was done.

If it be held that the sole object of section 24 of the appellant's amended charter, adopted on March 24, 1909, was to give authority to the city of Austin to assess and collect taxes on property not assessed under former charters, that would not deprive appellant of the right given in different parts of the charter to levy and collect taxes on all property in the city, independent of section 24, and in section 25 the city assessor is authorized to list "all property which for any cause has not been rendered to him for taxation in such form as may be prescribed by ordinance, and place such valuation thereon as he may deem just." The powers of taxation and assessment must be construed in connection with section 26, which provides:

"No taxes due the city of Austin shall ever be held to be barred by any statute of limitation; and no irregularity in the time and manner of making the annual levy of taxes, or in making any inventory, list or appraisement, or in making or returning the city assessment rolls or the approval thereof, shall ever be held to invalidate any assessment. * * *"

Appellant had full authority to list the property for taxation.

We have given careful and laborious consideration to every matter presented by the briefs, and have reached the conclusion that the situs of the notes for taxation during the years 1911, 1912, 1913, 1914, 1915, and 1916 was in Austin, Travis county, Tex.; that the property was not rendered for taxation at the situs, and no taxes paid; that the property was properly assessed as required by law for each of the years in the city of Austin; that the charter gave full authority to the city to assess the property, and the city has authority to collect the taxes shown by such assessments. It is therefore the judgment of this court that the judgment of the trial court be reversed, and judgment here be rendered for the amount of taxes prayed for each year set out in appellant's petition, which will be fully described in the minutes of this court, together with the penalties and interest as prayed for in such petition, as well as all costs in this behalf expended.

Reversed and rendered.