## J. W. Ferris v. Y. D. Kimble et al.

### No. 2904.

**1. Taxation of Credits—Situation of Personalty.**—The following rules are recognized:

1.  Personal property, except where it is otherwise provided, is situated where its owner resides, and is taxable only there.

2. Tangible personal property situated in any town or city of this State is subject to taxation at the place where it is situated.

3. Intangible property, such as credits, are taxable only at the place of residence of the owner, without regard to where they are kept or deposited, and equally without regard to how they were earned, or to the place of residence of the debtor.

2. **Assessment.**—When a majority of the board of equalization for a city directs the assessor to add to the tax list of a tax payer upon the tax roll, and such addition is made by the assessor, his act is legal and as if in the original assessment.

APPEAL from Ellis. Tried below before the Hon. Anson Rainey. The opinion states the case.

*A. A. Kimble* and *J. W. Ferris,* for appellant.— 1. The situs of appellant's credits aforesaid was at his residence outside the city limits. City of New Albany v. Meekin, 3 Ind., 481. Notes by A. C. Freeman clearly defining the law as settled by the modern decisions, 56 Am. Dec., 527; Kirtland v. Hotchkiss, 100 U. S., 491; People v. Eastland, 25 Cal., 601–3; People v. Whartenby, 38 Cal., 461; Kirtland v. Hotchkiss, 42 Conn., 426; City of Augusta v. Dunbar, 50 Ga., 387; Foreman v. Byrns, 68 Ind., 247; Hunter v. Page County, 33 Ia., 376, 379; Barber v. Farr, 54 Ia., 57; Commonwealth v. Hays, 8 B. Monroe, 1; Thomas v. Mason County, 4 Bush., 135; Hoyt v. Commissioners of Taxes, 23 N. Y., 224; Railway v. Pennsylvania, 15 Wall., 300; Burr. on Tax., p. 217, 42, 43; 1 Desty, pp. 65, 66; Dill. on Mun. Corp., 2 ed., p. 788; Cool. on Tax., p. 270.

2. The credits aforesaid of appellant were not owned or held within the city on the first day of January, 1888, and therefore were not taxable by the city. Colbert v. Supervisors, 60 Miss., 142.

3. The taxing jurisdiction is not changed by a deposit of the credits for safe keeping within the city. Hunter v. Page County, 33 Ia., 376–79.

*Groce & Templeton,* for appellees.—1. Where public authority is given to several persons constituting a board for the exercise of governmental functions, a majority may act where the constituting power has not expressly required a concurrence of the whole. Sayles' Civ. Stats., art. 444a; Acts 20 Leg., p. 152; Desty on Tax., sec. 102, p. 502; 2 Id., p. 1056; Cooley v. O'Connor, 12 Wall., 398; Jewett v. Alton, 7 N. H., 283; People v. Lothrop, 3 Col., 453; Dennis v. Maynard, 15 Ill., 477; Caldwell v. Harrison, 11 Ala., 755; Sprague v. Bailey, 19 Pick., 436; Williams v. School District, 21 Pick., 82; Commissioners v. Leckey, 6 Serg. & R., 166; Com. v. Canal Commissioners, 9 Watts, 466; Lowe v. Weld, 52 Me., 588; Bank v. Brown, 26 N. Y., 467; McCoy v. Curtice, 9 Wend., 19.

2. While as a general rule, by legal fiction, intangible personal prop-

erty follows the person of its owner and has its situs at his domicile, yet this fiction is by no means of universal application, and for purposes of taxation such property, by the manner of its use, may be separated from the person and domicile of its owner and acquire a situs elsewhere. The actual situs and control of property within a jurisdiction is the condition which subjects it to taxation. Finch v. County of York, 19 Neb., 50; Catlin v. Hull, 21 Vt., 152; People v. Home Ins. Company, 29 Cal., 534; Goldgart v. People, 106 Ill., 25; Abany v. Parnell, 11 N. C., 51; The State v. County Court, 47 Mo., 594; People v. Trustees, 48 N. Y., 390; Wilcox v. Ellis, 14 Kan., 588; Supervisors v. Davenport, 40 Ill., 197; Hoyt v. Commissioners, 23 N. Y., 224; Redmond v. Commissioners, 87 N. C., 122; City of Albany v. Meekin, 3 Ind., 481; Foresman v. Byrns, 68 Ind., 247.

HENRY, Associate Justice.—This is a suit brought by appellant to enjoin the collection of $75 taxes by the city collector of Waxahachie under a levy and sale, which sum is claimed to have been illegally assessed against appellant. The petition avers that the plaintiff is a nonresident of the city, and that said sum of $75 is for taxes on the credits of plaintiff which were nontaxable within the city, and that it was otherwise illegally assessed against him. A preliminary injunction was ordered and the sale enjoined. On the final hearing by the court, without a jury, judgment was rendered against the plaintiff and the injunction dissolved, to which plaintiff excepted, and now prosecutes this appeal.

An inventory of all property, real and personal, owned and held by appellant in the city on January 1, 1888, was made out by him, under oath, and was agreed upon and accepted by the assessor. Afterwards Dechman and Pickett, acting as a board of equalization, directed said assessor to add to said inventory an item of credits valued at $10,000, which he did, and upon the margin of appellant's inventory he made the following entry, viz.: "This amount of ten thousand dollars credits is put on this inventory by order of A. M. Dechman and C. D. Pickett, of the board of equalization, made June 26th, '88."

Appellant is a nonresident of the city of Waxahachie, and has been ever since 1880. His residence is just outside the city limits, in Ellis County; he is and was a practicing attorney at law and has been for many years, keeping his office in the city, which is his principal place of business. The item of credits here in question, valued at $10,000, consisted of promissory notes against different persons who were almost entirely non-residents of the city; they were taken, part for money loaned, part for sales of real estate, and some for attorney fees; some were real estate notes discounted. They were taken payable to his order at the bank in Waxahachie, using the printed forms of the bank, and they were unendorsed by appellant; he did not do a general loaning business, but kept an ac-

count in the bank, and made loans only as he had the means to spare. He kept his said notes in a portfolio, with other papers, in the bank vault for protection against fire. No one was permitted to go to his papers but himself. Occasionally he took said credits to his residence and kept them there for a day or two. He sometimes, though rarely, transacted business at his residence.

The first error assigned is, that "the court erred in holding that it is immaterial that the assessor was induced to list the item of credits by order of the board of equalization, and in effect holding that the assessment of the same was legally made."

Admitting that the board of equalization had no authority to add additional items of property to the inventory, we think the court correctly held the assessment not invalid for that reason.

When the property was listed by the assessor it was valid, and became his own act, without regard to the fact that he listed it by direction of the board.

Nor do we think that the court erred in holding the acts of two members of the board of equalization were valid when they acted without the co-operation of a third member. Cooley v. O'Connor, 12 Wall., 398.

It is further urged that appellant being a nonresident of the city, credits owned by him were not taxable by authority of the city.

The rule is stated to be, in Cooley on Taxation: "A tax assessed against the person for personal estate is to be assessed to him at the place of his residence, because in contemplation of law his movable property accompanies him wherever he goes. This is the general rule, though, as has been shown elsewhere, tangible personal property may be taxed where it is, irrespective of ownership, if the statute shall so provide."

In Desty on Taxation the rule is stated to be: "Property in notes must be taxed at the place where the owner resides, and not at the place of deposit of the evidences of debt."

The Supreme Court of Iowa decided in the case of Barber v. Farr, 54 Iowa, 58, that "moneys and credits are assessable and taxable at the place of the owner's residence. An assessment at any other place is illegal and void."

In the case of Smith v. Bettger, the Supreme Court of Indiana decided:

"1. That all debts of every kind and nature due to persons having a domicile in the State of Indiana are taxable to the creditor where such creditor has his domicile.

"2. That all debts of every kind and nature due from persons having a domicile in Indiana to a person not having a domicile in Indiana, unless in the hands of an agent doing business in said State from which said debts have sprung, have no situs in the State of Indiana and are not taxable there." 68 Ind., 254; City of Augusta v. Dunbar, 50 Ga., 387;

Hunter v. Board of Supervisors, 33 Iowa, 376; People v. Whartenby, 38 Cal., 466; 15 Wall., 300.

In Illinois it has been decided that "if the owner is absent, but the credits are in fact here in the hands of an agent for renewal or collection, with the view of reloaning the money by the agent as a permanent business, they have a situs here for the purpose of taxation." Goldgart v. People, 106 Ill., 28; Finch v. York County, 19 Neb., 50.

Article 4676 of our Revised Statutes, having reference to State and county taxes, provides that "all property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated."

Article 4671, relating to the same subject, makes personal property include "all goods, chattels, and effects, and all moneys, credits, bonds, and other evidences of debt owned by citizens of the State, whether the same be in or out of the State."

The property subject to taxation by town and city corporations is defined in article 425 of our Revised Statutes to be "all real and personal estate and property in the city not exempt from taxation by the Constitution and laws of the State."

From the authorities quoted we conclude that the following rules are in force in this State with regard to residents of this State:

1.   Personal property, except when it is otherwise provided, is situated where its owner resides and is taxable only there.

2.   Tangible personal property situated in any town or city of this State is subject to taxation at the place where it is situated.

3.   Intangible personal property, such as credits, are taxable only at the place of residence of the owner, without regard to where they are kept or deposited, and equally without regard to how they were earned or to the place of residence of the debtor.

We think the court erred in rendering judgment for the defendant.

It is ordered that the judgment of the District Court be reversed and judgment here rendered in favor of plaintiff for the perpetuation of the writ of injunction, and for all costs of this court and of the court below.

*Reversed and rendered.*

Delivered December 10, 1889.