# DECEMBER, 1916

GUARANTY LIFE INSURANCE COMPANY OF HOUSTON v. CITY OF AUSTIN.

No. 2687.   Decided December 13, 1916.

**1.—Taxation—Promissory Notes—Situs.**

Promissory notes are personal property, taxable as such under our statute (Rev. Stats., art. 7505); though only evidence of indebtedness, they possess such concrete form and so far perform the functions of tangible personal property as to be capable of acquiring a situs for purposes of taxation in the county or city where they are situated; and this may be other than the domicile of the owner. (Pp. 213, 214.)

**2.—Same—Insurance Company—Deposit of Securities.**

A life insurance company incorporated in Texas and having its principal office in Houston, deposited with the State Treasurer at Austin securities in which its funds had been lawfully invested (notes secured by real estate mortgages) as authorized by Act of April 24, 1907, Laws, 30th Leg., ch. 170, p. 319. Held that:

1. Under the statutes declaring notes to be taxable as personal property (Rev. Stats., art. 7505) and making all personal property taxable in the county where situated (Rev. Stats., art. 7510; Const., art. 8, sec. 11) and prior to the Act making such securities of a domestic insurance company taxable at the company's home office (Act of March 22, 1909, Laws, 31st Leg., ch. 108, p. 205, sec. 38), such notes, while so on deposit, were taxable by the City of Austin as personal property situated therein. (Pp. 214, 215.)

2. Such deposit being voluntary, for a business purpose, a surrender of the possession, and not temporary in its nature, was sufficient to confer on these securities a situs for taxation in the place where deposited. It was not such temporary removal as, under the statute (article 7510) left the property subject to be listed at the residence of the owner. (P. 215.)

3. Hall v. Miller, 102 Texas, 289, followed. Ferris v. Kemble, 75 Texas, 476, distinguished. (P. 215.)

Error to the Court of Civil Appeals, Third District, in an appeal from Travis County.

Vol. 108-14.

The City of Austin sued the insurance company to recover taxes, assessed against certain securities of defendant on deposit with the State Treasurer.   Plaintiff recovered judgment, the trial being on an agreed case.   Defendant appealed, and on affirmance of the judgment obtained a writ of error from the Supreme Court.

*Lane, Wolters & Storey* and *Wm. A. Vinson,* for plaintiff in error.— The securities in question, being intangible personal property, and being the property of a domestic corporation, were taxable only at the place of the domicile of the owner, in the City of Houston, Harris County, Texas, without regard to where they were kept or deposited, and were not taxable in the City of Austin.   Art. 7510, Rev. Stats., 1911; Ferris v. Kemble, 75 Texas, 476; Connor v. City of Waxahachie, 13 S. W., 30; Primm v. Fort, 23 Texas Civ. App., 605, 57 S. W., 86; Boyd v. Selma, 96 Ala., 144, 11 So., 393, 16 L. R. A., 729; Boardman v. Tompkins County Supervisors, 85 N. Y., 359.

The Court of Civil Appeals erred in holding that the notes upon which it was sought to recover the taxes were personal property within the meaning of the tax laws, and that their situs during the years 1908 and 1909 for the purpose of taxation was in the City of Austin, and in not holding that the situs of said property for the purpose of taxation during said years was in the City of Houston, where all lawful taxes thereon for said years were paid. Ferris v. Kemble, 75 Texas, 476, 12 S. W., 689; Connor v. City of Waxahachie, 13 S. W., 30; New Orleans v. Stemple, 175 U. S., 309, 44 L. Ed., 174; Buck v. Beach, 206 U. S., 392, 51 L. Ed., 1106; 1 Destey on Taxation, 326; Boardman v. Tompkins County Sup., 85 N. Y., 359; Boyd v. Selma, 96 Ala., 144, 16 L. R. A., 729; Mackay v. San Francisco, 128 Cal., 678, 61 Pac., 382; In re Fair, 128 Cal., 678, 61 Pac., 184; Augusta v. Dunbar, 50 Ga., 387; Hayward v. Christian Co. Br. of Review, 189 Ill., 234, 59 N. E., 601; Scripps v. Fulton Co. Br. of Review, 183 Ill., 278, 55 N. E., 700; Sivwright v. Pierce, 108 Ill., 133; Froesman v. Byrnes, 68 Ind., 247; Barber v. Farr, 54 Iowa, 57, 6 N. W., 134; Johnson County v. Hewitt, 76 Kan., 816, 93 Pac., 181, 14 L. R. A. (N. S.), 493; Com. v. Northwestern Mutual Life Ins. Co. (Ky.), 107 S. W., 233; Liverpool, etc., Ins. Co. v. Board of Supervisors, 51 La. Ann., 1028, 25 So., 970; Lanesboro v. Berkshire County, 131 Mass., 424; State v. American Freehold Land Mort. Co., 76 Minn., 155, 78 N. W., 962; Vicksburg v. Armour Packing Co., 24 So., 224; People v. Tax Commissioners, 23 N. Y., 224; Johnson v. Oregon City Council, 3 Ore., 13; State Bank v. Richmond, 79 Va., 113; Kirtland v. Hotchkiss, 100 U. S., 491, 25 L. Ed., 558; State Tax on Foreign Held Bonds, 15 Wall., 300, 21 L. Ed., 179; Stevens v. Boonville, 34 Mo., 323; Sommers v. Boyd, 40 Ohio St., 648; Hunter v. Board of Supervisors, 33 Iowa, 376.

*J. Bouldin Rector,* City Attorney, *J. W. Maxwell,* and *Lightfoot, Brady & Robertson,* for defendant in error.—The securities in question

having been voluntarily transferred by appellant from its domicile, and by it placed permanently at Austin, in the State Treasury, for permanent and continuing business uses and ends of appellant, they acquired a situs for taxation in such city; although of a class generally known as "intangible" property, and although appellant's domicile was in Houston, Texas. Constitution, art. 8, sec. 11; Rev. Stats., 1911, arts. 7503, 7505, 7506, 7509, 7510, 7526; Charter of the City of Austin, art. 12, sec. 2; chap. CLXX, General Laws of Texas, 1907, secs. 8, 9, 10, pp. 318-319; Hall v. Miller, 102 Texas, 289; State v. Fidelity and Deposit Co., 35 Texas Civ. App., 214, 80 S. W., 544; Hardesty v. Fleming, 57 Texas, 401; Galveston v. Guffey Petro. Co., 113 S. W., 585; State v. Higgins Oil Co., 116 S. W., 617; Eidman v. Martinez, 184 U. S., 578; Bristol v. Washington County, 177 U. S., 144; New Orleans v. Stempel, 175 U. S., 309; Pullman Car Co. v. Pa., 141 U. S., 18; Jesse French Piano and Organ Co. v. City of Dallas, 61 S. W., 942; Savings and Loan Assn. v. Multnomah County, 169 U. S., 426; Blackstone v. Miller, 188 U. S., 202; Tappan v. Bank, 19 Wall., 490; Metropolitan Life Ins. Co. v. New Orleans, 205 U. S., 400; Western Assurance Co. v. Holliday, 126 Fed., 257; British Ins. Co. v. Commissioner of Taxes, 18 Abb. Prac., 130, S. C., 31 N. Y., 32; People v. Smith, 88 N. Y., 576; Poppleton v. Yamhill Co. (Ore.), 7 L. R. A., 449; People v. Ogdensburg, 48 N. Y., 390; People v. Niles, 35 Cal., 282; Mills v. Thornton (Ill.), 79 Am. Dec., 377; City of New Albany v. Meekin (Md.), 56 Am. Dec., 522; Mayor v. Baldwin (Ala.), 29 Am. Rep., 712; Hoyt v. Commissioners, 23 N. Y., 224; Alvany v. Powell, 2 Jones Eq. (N. C.), 51; Wilcox v. Ellis, 14 Kan., 588; Blaine v. Irby, 25 Kan., 501; Fisher v. Commissioners, 19 Kan., 414; St. Louis County v. Taylor's Admr., 47 Mo., 594; Monongahela Coal Co. v. Board, 115 La., 564; Redmond v. Commissioners, 87 N. C., 122; Whiting's Estate, 150 N. Y., 27; People v. Gardner, 51 Barb., 356; Wilkey v. City of Pekin, 19 Ill., 160; Catlin v. Hull, 21 Vt., 132; 1 Desty on Taxation, 326; Re Jefferson, 35 Minn., 215; Burroughs on Taxation, sec. 50 (b), (d), (h).

The true situs for taxation of the securities in question being in the City of Austin, the City of Houston was without jurisdiction to assess and collect taxes thereon from appellant for the years in question, and to subject said property to taxation by appellee does not constitute double taxation, nor does appellant's voluntary payment of taxes thereon to the City of Houston relieve it of its liability to appellee. State v. Fidelity and Deposit Co., 35 Texas Civ. App., 214, 80 S. W., 544; Coe v. Errol, 116 U. S., 517; Coles v. City of Stillwater, 64 Minn., 105; Dyer v. Osborne, 11 R. I., 321; State v. Taylor, 47 Mo., 602; Battle v. Mobile, 9 Ala., 234.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The question in the case is that of the right of the City of Austin to tax for the years 1908 and 1909 certain securities owned by the

plaintiff in error and during those years on deposit with the State Treasurer in that city.

The domicile of the plaintiff in error at the time was, and is now, in the City of Houston. Its capital stock was $100,000, lawfully invested in the securities mentioned, consisting of two notes, secured by liens upon real estate, and of a reasonable value in excess of $100,000. The notes were originally deposited with the State Treasurer on August 10, 1907, under the provisions of the Act of the Thirtieth Legislature, chapter 170, page 316, Acts of 1907. That Act provided, in sections 8, 9 and 10, that an insurance company such as the plaintiff in error might at its option deposit with the State Treasurer securities representing investments of its capital stock, with the privilege of withdrawing them, or substituting other securities therefor; that upon such deposit being made, the State Treasurer should issue his receipt for the securities; and the company making the deposit and holding such receipt should have the right to advertise such fact and print it upon its policies of insurance; and that the proper officers and agents of the company making the deposit should be permitted at all reasonable times to examine its securities, detach coupons therefrom and collect the interest thereon under such reasonable rules as might be prescribed by the Treasurer and the Commissioner of Insurance.

After making the deposit of its securities and obtaining the Treasurer's receipt, the plaintiff in error advertised that fact in its business and printed it upon its policies.

One of the notes remained on deposit with the State Treasurer until April 29, 1913, when other securities were substituted for it. The other note was renewed during the year 1908. The renewal note remained on deposit until March 28, 1911, when two other notes were substituted for it. The substituted securities had remained continuously in the custody of the Treasurer to the time of the trial. At various times during each of the years 1908 and 1909, the plaintiff in error, through its officers, made credits of interest payments upon the notes, and upon one occasion withdrew one of the notes for the purpose of having it renewed.

The plaintiff in error rendered the securities in question for taxation in the years 1908 and 1909 to the City of Houston, and paid to that city the city taxes assessed against them for those years.

The taxes in controversy were for a period antedating the Act of 1909 (chapter 108, page 205, Acts of 1909), providing that for the purpose of State, county and municipal taxation, the *situs* of all personal property belonging to a home life insurance company shall be at its home office.

Under the propositions advanced in the petition for a writ of error it is necessary to consider only the contention that the notes in question, because of their property nature, were taxable only at the plaintiff in error's domicile. The basis of the contention is that promissory notes, when owned by a resident of the State, are incapable of acquiring for

the purposes of taxation a situs distinct from the residence of their owner.

According to the ancient rule, all personal property followed the owner and was subject only to the laws of the jurisdiction of his domicile. This was a fiction of the law; and there can be no doubt of the power of a State to modify it by statute.

In this State promissory notes are by statute expressly made taxable as personal property. Art. 7505, Rev. Stats. In Hall v. Miller, 102 Texas, 289, 115 S. W., 1168, in referring to this statute and holding that promissory notes situated in Texas were taxable in Texas, though owned by a non-resident, it was said:

"A State has no authority to levy taxes upon personal property temporarily within its borders when the owner resides elsewhere. But it is equally true that tangible personal property which has acquired a *situs* within the State is subject to taxation, although the owner be a non-resident thereof. Hardesty v. Fleming, 57 Texas, 401; Eidman v. Martinez, 184 U. S., 578; Bristol v. Washington County, 177 U. S., 133. Promissory notes and bonds are now recognized as property and are included in the terms of the statutes of 1905, which we have quoted above. New Orleans v. Stempel, 175 U. S., 322; Catlin v. Hull, 21 Vt., 152. In the first case cited the court said: 'It is well settled that bank bills and municipal bonds are in such concrete tangible form that they are subject to taxation where found, irrespective of the domicile of the owner; are subject to levy and sale on execution; and to seizure and delivery under replevin; and yet they are but promises to pay—evidences of existing indebtedness. Notes and mortgages are of the same nature; and while they may not have become so generally recognized as tangible personal property, yet they have such a concrete form that we see no reason why a statute may not declare that if found within its limits they shall be subject to taxation.'"

It was urged in that case, as it is here, that the rule with respect to personal property following the owner, above referred to, governed the question. This contention was overruled. In order to reach the decision rendered, it was necessary to first determine that the notes involved were capable of acquiring a *situs* in Texas; otherwise they were not taxable in Texas. The holding that they were taxable here necessarily affirmed that they were capable of acquiring a *situs* here. As the domicile of the owner was elsewhere, Hall v. Miller must be regarded as definitely establishing the rule in this State that under our laws promissory notes may for the purposes of taxation acquire a *situs* different from the domicile of their owner.

That the owner of the notes in Hall v. Miller was a non-resident, does not affect the question; or, as is urged by the plaintiff in error, distinguish that case from the present one. The non-residence of the owner was not the ground of the decision. Necessarily the question as to whether the notes could acquire a *situs* here was determinable alone by their property nature under our laws. The character of their owner

did not give them their character as property or alter their property nature. The case simply holds that since promissory notes are for taxation purposes recognized and treated as personal property by article 7505, as it was within the power of the Legislature to characterize them, and have a concrete tangible form, they are capable of separation from their owner and acquiring for taxation purposes a *situs* distinct from his domicile. This decision was reached, not because the owner was a non-resident of the State, but notwithstanding such was the fact.

If because of their concrete form and character as personal property under our taxation laws promissory notes may in the case of a nonresident owner acquire a *situs* for the purposes of taxation apart from their owner's domicile, the same rule must obtain with respect to a resident owner. They could not be held as less capable of acquiring such a *situs* merely because owned by a resident of the State, in the absence of a positive statute fixing the domicile of the owner as the place for their taxation. We have no such statute.

The Constitution and statutes of the State, of themselves, put this question at rest. The Constitution, section 2, article 8, declares that "all property, whether owned by persons or corporations, shall be assessed for taxation, and the taxes paid in the county where situated." Article 7510 reads:

"All property, real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated; and all personal property, subject to taxation and temporarily removed from the State or county, · shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated."

This article clearly contemplates that any property classified as personal property by article 7505 and having a concrete form may acquire a *situs* distinct from the place of the owner's residence. It provides that personal property "temporarily removed from the State or county" shall be taxed in the county of the owner's residence. This is a provision with respect only to personal property "temporarily removed· from the county or State." It has no application to personal property whose removal is not temporary, but which has acquired a *situs* in a different county. If the removal from the county of the owner's residence be only temporary, it could not under the article acquire a *situs* elsewhere; it is to be regarded as still "situated" in the county of the owner's residence, and is, therefore, taxable there. The article makes it plain, however, that if the removal be not of a temporary character and the property has acquired a *situs* in a different county, it is taxable in such county, unless within the exception of the article, and, therefore, expressly made taxable elsewhere.

The real question in the case, therefore, is whether the notes had acquired a *situs* in the City of Austin so as to subject them to taxation there for the years named. Their deposit with the State Treasurer was in August, 1907. It was voluntary upon the part of the plaintiff in

error.  It amounted to a surrender of the possession of the notes.  It was made for a business purpose and for an evident business advantage, which could be accomplished only by placing the notes in the custody of the Treasurer, namely, the privilege of advertising that securities representing the plaintiff in error's capital stock were in the hands of the Treasurer of the State, and also having its policies of insurance attest that fact.  A temporary possession by the Treasurer of the notes would not have afforded the benefit sought by the deposit, since under the law the fact of the deposit could be advertised and printed on the plaintiff in error's policies only while the notes were in the Treasurer's possession.  That the plaintiff in error had access to the notes and the right any time to withdraw them does not alter the fact that while they were on deposit with the Treasurer they were out of its possession.  Under the law providing for the deposit the Treasurer's possession of the notes was necessarily exclusive.  It can not be assumed that it would have permitted advertisement of the fact of their being in his hands unless his possession was of that character.  In our view the deposit had none of the aspects of a mere temporary removal of the notes from the place of the plaintiff in error's domicile.  The nature of the deposit, its purpose, and the length of time the notes had remained in the Treasurer's hands in our opinion forbid that view.  Where a particular business purpose can be accomplished only by locating property at a certain place, and the property is so located and devoted to the purpose for more than a temporary period, it very clearly acquires a *situs* at that place.  The notes in question must, we think, be regarded as having been situated in the City of Austin on the first days of January, 1908, and 1909.  They were accordingly taxable there for those years.

Ferris v. Kemble, 75 Texas, 476, 12 S. W., 689, is urged by the plaintiff in error as sustaining its position.  The case may be said to announce that, as a general rule, promissory notes are taxable at the place of their owner's residence.  It was not there decided, however, nor attempted to be decided, that they are incapable of acquiring a *situs* elsewhere.  The facts of the case plainly distinguish it from the present one.  The notes of Judge Ferris, the subject of the controversy, were at all times in his possession.  They had been placed in the bank vault within the limits of the City of Waxahachie merely for safekeeping, and no one had access to them but the owner.  Being in his possession, they were necessarily taxable at the place of his residence.  For this same reason Ferris v. Kemble was differentiated in Hall v. Miller.

It is to our minds illogical to say that promissory notes are incapable of acquiring a distinct *situs*.  They are personal property under our laws.  Because of their concrete form they are made use of as property in the everyday transactions of the people.  Their presence is generally availed of as an element of such use.  Because of this they constitute something more than mere evidences of debt.  When they are thus made to perform the functions of tangible personal property, they have all the character of that class of property, and are as fully capable of

acquiring a *situs* apart from their owner's domicile as any property of that class.

The judgments of the District Court and the Court of Civil Appeals are affirmed.

*Affirmed.*