TEXAS FIDELITY & BONDING CO. v. CITY OF AUSTIN. (No. 6199.)

(Court of Civil Appeals of Texas. San Antonio. April 16, 1919. Rehearing Denied May 14, 1919.)

1. TAXATION ☞253—SECURITIES DEPOSITED BY CASUALTY INSURER—SITUS—STATUTES.

Under Const. art. 8, § 11, providing property of corporations shall be assessed and taxes paid in county where situated, a bonding company was taxable by city of Austin on securities it was required to deposit with state treasurer in city, though it had its home office in Waco, in another county, provisions of insurance situs act, attempting to fix situs of personalty at home office, being void.

2. MUNICIPAL CORPORATIONS ☞971(3)—TAXES—OMITTED PROPERTY—POWER OF CITY TO ASSESS.

Under its charter the city of Austin had power to make, for a period of more than two years back, assessments of securities of a fidelity and bonding company, also doing a casualty insurance business, deposited with the state treasurer as required by Acts 28th Leg. c. 127 (Rev. St. 1911, art. 1121, subd. 37), and Acts 32d Leg. c. 117 (Vernon's Sayles' Ann. Civ. St.

1914, arts. 4942a–4942z), which had been omitted from taxation.

**3. MUNICIPAL CORPORATIONS ☞971(3)—ASSESSMENT OF OMITTED PROPERTY BY CITY—CHARTER.**

The city of Austin, under its charter (article 12, § 2, subd. 24), as amended March 24, 1909, had authority to authorize property to be listed and assessed according to the rate of taxes only for the years it had "heretofore" been omitted, without authorizing or providing for the assessment or collection of the taxes.

Appeal from District Court, Travis County; George Calhoun, Judge.

Suit by the city of Austin against the Texas Fidelity & Bonding Company. From judgment for plaintiff, defendant appeals. Affirmed.

Stribbling & Stribbling, of Waco, for appellant.

J. Bouldin Rector, J. W. Maxwell, and E. B. Robertson, all of Austin, for appellee.

COBBS, J. The city of Austin, appellee, instituted this suit against the Texas Fidelity & Bonding Company, appellant, for the recovery of taxes, penalties, and interest alleged to be due appellee by appellant for the years and amounts as follows: 1911, the sum of $1,055.91; 1912, the sum of $1,123.48; 1913, the sum of $803.46; 1914, the sum of $803.13; 1915, the sum of $936; 1916, the sum of $720.85; and further prayed for the foreclosure of the tax lien on 23 "City of Midland, Texas," waterworks bonds, each for the sum of $2,000, and numbered 3 to 25, inclusive, aggregating the sum of $46,000, and 3 promissory notes, each for the sum of $1,500, executed by L. Migel, payable to the appellant, and aggregating the sum of $4,500 which bonds and notes were and are on deposit with the state treasurer in the state treasury of the state of Texas, having been so deposited there by appellant under and in accordance with the laws of the state, and on which securities it is alleged the taxes sued for are due to the appellee.

The appellant in its answer denied appellee's right to recover the taxes, or any part thereof, as sued for, and in substance averred that it is a private corporation organized under chapter 127, p. 197, of the Acts of the Legislature of Texas, passed at the regular session in 1903, which is the same as subdivision No. 37 of article 1121 of the Revised Statutes of Texas 1911, with its home office in the city of Waco, McLennan county, Tex., and that the securities deposited with the state treasurer, and on which the taxes sued for are sought to be collected, were so deposited in compliance with the provisions of the above act for the purpose of completing its incorporation, and to authorize it to transact business in the state of Texas, and that the

situs of the securities for taxation was and has at all times been in the city of Waco, McLennan county, Tex., and not in the city of Austin.

It is further averred that on the 21st day of September, 1912, appellant's charter was amended under chapter 117 of the General Acts of the Legislature 1911, p. 237 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4942a–4842z), under which amendment to its charter it was authorized "to insure any person against bodily injury, disablement, or death resulting from accident and against disablement resulting from disease," and for other purposes stated in said amendment; that by reason of the amendment to its charter the provisions of article 4749, Revised Statute of Texas 1911, applied to the securities deposited with the state treasurer for the purpose of taxation, and that under said article the securities were taxable, not in the city of Austin, but in the city of Waco, the domicile of appellant.

The case was tried before the court without a jury upon an agreed statement of facts, and resulted in the court rendering judgment against appellant for the taxes sued for, with foreclosure of the appellee's tax lien on the securities found by the court to have been deposited with the state treasurer on the 1st day of January of each of the years mentioned, being the same securities for each of said years. The court, at the request of appellant, duly prepared and filed findings of fact and conclusions of law, which were excepted to by appellant. The case has been properly brought to this court by appeal.

The assignments of error, 1, 2, 3, and 4 raise the following questions: (a) Whether property sought to be taxed had its situs as of the several dates in Austin; (b) whether the city of Austin, under its charter, had power to make back assessments of omitted property for certain periods. The situs of the property was fixed by chapter 108, Acts of 1909, at Waco, Tex., the home office of the company. (d) Whether the city of Austin, under its charter, can make back assessments for a period of more than two years.

These seem to be the material questions for us to consider to reach a conclusion.

This case was tried upon a lengthy agreed statement of facts, in which is incorporated lengthy references to the pleading and charter of appellant and the city of Austin. We cannot see why the extracts from the latter's charter were incorporated, because it provides it is a "public act and may be read in evidence in all courts of law," etc.

There are similar agreements set out in the other case before us, in City of Austin v. Great Southern Life Insurance Co., 211 S. W. 482, and American Indemnity Co. v. City of Austin, 211 S. W. 812, on appeal in this court, and are being now considered,

and hence will not be copied at length herein.

"Under the agreed statement of facts upon which the case was tried, the trial court found that the appellant was incorporated on the 20th day of April, 1910, for the following purposes: 'To act as trustee, assignee, executor, administrator, guardian, or receiver, when designated by any person, corporation, or court so to do, and to do a general fiduciary and depository business; to act as surety and guarantor of the fidelity of employés, trustees, executors, administrators, guardians, or others appointed to or assuming the performance of any trust, public or private, under appointment by any court or tribunal, or under contract between private individuals or corporations; also on any bond or bonds that may be required to be filed in any judicial proceeding; also to guarantee any contract or undertaking between individuals, or between private corporations, or between individuals or private corporations and the state and municipal corporations or counties, or between private corporations and individuals; to act as executor and testamentary guardian when designated as such by decedents; or to act as administrator or guardian when appointed by any court having jurisdiction.' And that its home office has been continuously since its incorporation, and still is, in the city of Waco, county of McLennan, Texas, where it has its principal office and place of business; that on or about the 11th day of June, 1910, it deposited with the state treasurer of the state, and in the state treasury, certain personal property consisting of municipal bonds of the city of Midland, Texas, of the reasonable cash value of fifty thousand ($50,000.00) dollars; that such deposits were made under the provisions of chapter 127, page 197, of the General Laws of the Legislature passed at its regular session and printed in the Acts of 1903 thereof, and that a portion of the capital stock of defendant was invested in said bonds; that the above securities were on deposit with the state treasurer on the 1st day of January, 1911; that on the 1st days of January of each of the years of 1911 to 1916, inclusive, defendant owned and had on deposit with the treasurer of the state in the city of Austin the securities consisting of bonds and promissory notes described in paragraphs IV to IX of plaintiff's petition, same having been deposited under the articles of the statutes mentioned in the preceding paragraphs; that the investments of the defendant mentioned in paragraphs IV to IX, inclusive, of plaintiff's original petition, were not made in Travis county, and that none of the payors of said bonds or notes have resided in Travis county, and that the same were not secured by any property situated in Travis county. It was alleged, but not admitted, that the securities were deposited by defendant with the state treasurer for valuable business purposes and reasons, except in so far as it was required to deposit them under the provisions of the statutes above mentioned. It is agreed and admitted that the amounts of the taxes for the years 1911 to 1916, inclusive, are correctly shown in paragraphs XXIV to XXVI, inclusive, of plaintiff's petition. It is further admitted that said property was actually assessed by plaintiff as alleged, but not admitted that the same was lawfully assessable for taxes in or by the city of Austin for said years or any of them; that said securities were assessed for taxes by the city of Waco for the years 1911 to 1916, inclusive, and taxes were paid thereon to the city of Waco.

' "The court concluded as a matter of law from the foregoing facts that the deposits of the securities in the state treasury having been made under and in accordance with the provisions of the foregoing act of 1903 relating to surety companies, and appellant having permitted and continued said deposits to remain in the state treasury under its amended charter, and said deposits having been made and continued for a fixed and definite business purpose, as provided in said acts, that such securities deposited and continued thereby acquired a permanent and fixed situs in the city of Austin, Texas, and had such permanent and fixed situs in said city on the first days of January of each of the years for which taxes are sued for, and that such securities are lawfully taxable by the city of Austin for each of said years as alleged in plaintiff's petition."

Practically the same material questions have been discussed and passed upon by us in the case of American Indemnity Company, except perhaps the sole difference that arises in reference to dates of charter and the amendment of this appellant's charter to come under the provisions of the casualty laws of 1911.

The appellant became a corporation by virtue of subsection 37 of article 1121, Vernon's Sayles' Stat., which authorized the creation of corporations to act as trustee, assignee, executor, administrator, guardian, or receiver, etc. (Acts 1897, p. 190; Acts 1903, p. 197).

By an act approved April 2, 1909 (Laws 1909, c. 122), it prescribed additional conditions upon which life insurance companies could do business in this state, which is independent of any statute here discussed, or under which appellant could claim any advantages or possess any right.

By virtue of the law under which appellant acquired its existence (section 37 of article 1121, R. S. Acts of 1903), it was required to "keep on deposit with the state treasurer money, bonds, or other securities in an amount not less than $50,000, said securities to be approved by the commissioner of insurance and banking, and that this amount

to be kept intact at all times," of course having the right of substitution. On the 21st day of September, 1912, appellant caused its charter to be amended so as to come under the provisions of the act approved March, 1911, providing for the "incorporation of casualty insurance companies and other kinds of insurance companies, except life," etc. In section 5 it is provided "the deposit of the sum of fifty thousand dollars ($50,000) of such securities or in cash with the state treasurer, then the commissioner of insurance and banking shall issue to said company a certificate authorizing it to do business." It authorizes likewise a deposit of any other amount of securities to comply with the laws of any other state to do business there. This latter amount is not permitted to be drawn out until the company has ceased to do business in such state. Section 12 authorizes companies organized under it to change securities by substituting others from time to time. Section 26 makes the act cumulative as to insurance legislation and as to "mode and manner of organizing and doing insurance business in this state." And in section 27 the emergency clause recites, "There is no adequate law in Texas regulating the creation and incorporation of general casualty companies."

It will be observed that all the laws affecting the charter of this company or its amendments compelled it to place and keep in the treasurer's office in Austin, against its will, whether it was more or less preferable, and hence having no volition in the matter.

Now, we hold, for the purposes of this decision, the appellant was forced and compelled by law to place and keep in the hands of the treasurer the securities, to be withdrawn only when necessary to substitute others or when its business shall be wound up. Because of that are those securities exempted from the right of Austin to tax them, and, for the purpose of taxation being physically in Austin at the taxation period, may we say, as a fiction of the law, the situs for that purpose is in Waco, while in fact physically they are held in Austin. Let us here quote our Constitution (section 11 of article 8): "All property whether owned by persons or corporations, shall be assessed for taxation, and the taxes paid in the county where situated." This is in direct conflict with that law which fixes the situs at the home office of another county different from the county where the notes are deposited. In the case of Jesse French Piano & Organ Co. v. City of Dallas, 61 S. W. 942, this court, in an opinion rendered by Justice Fly, now the Chief Justice of this court, held that notes were personal property, and as such subject to taxation in the county where found. Such was the holding of the Galveston Court of Civil Appeals in the case of City of Galveston v. Guffy Co., 51 Tex. Civ. App. 642, 113

S. W. 585; by this court again in State v. Higgins Co., 116 S. W. 617, and by other courts in this state. To the same effect in Guarantee Life Ins. Co. v. Austin, 165 S. W. 53, opinion delivered by Justice Jenkins, in which the facts are set out much like the facts in this appeal, and in which he delivered a very strong opinion to the same effect. See cases quoted and followed by him. If there were anything else needed to settle the question, we have it in the able opinion of the learned Chief Justice Phillips in Guarantee Life Ins. Co. v. Austin, 108 Tex. 209, 190 S. W. 189, in which a writ of error was granted from the Austin court, and the whole question was reviewed, and the judgment of the Court of Civil Appeals in the Guarantee Case affirmed.

[1] We believe, therefore, in that case all the questions here are settled, though the validity of the so-called insurance situs act, as relating to a conflict with the Constitution, was not directly involved, as it is in this case, and the court was not considering that phase. We believe, however, the effect of that opinion, carried out to its logical sequence, was to hold the Constitution directed such property to be assessed and taxes paid in the county where situated, and therefore such portion of that act attempting to fix the situs of personal property at the home office of the company in another county other than the county where the property is situated at the tax assessing period is null and void.

In passing upon these assignments we are conceding appellant the benefit of all insurance legislation claimed by it and secured under all the laws discussed above.

[2] We also have considered all questions as to the power and authority of the appellee under its charter and by virtue of the agreement to assess all the property for the years named, because that power was rightfully exercised by appellee and the amount of taxes are due and owing.

[3] Appellant's eighth assignment of error and proposition thereunder questions the authority of Austin, by virtue of its charter as amended (subdivision 24 of section 2 of article 12 thereof, amended March 24, 1909), to only authorize property to be listed and assessed according to the rate of taxes for the years it had "heretofore" been omitted, and did not authorize or provide for the assessment or collection of said taxes. This question has been discussed in the case of American Indemnity Co. v. City of Austin, 211 S. W. 812 (this day decided by us), in which our reasons are given, not necessary here to further set out, and the assignment is over ruled.

In deciding this case it has been necessary to pass upon all the assignments, and they are severally overruled.

Finding no reversible error, the judgment is affirmed.