

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Emory M. Spencer
County Attorney
Aransas County
Rockport, Texas

Dear Sir:

Opinion No. O-4202-A
Re: Taxation of personal pro-
perty of San Antonio Loan
& Trust Company.

Your letter of November 19, 1942, addressed to
this office, reads as follows:

"It is the purpose of this letter to re-
quest a further clarification of the taxable
status of cattle owned by the San Antonio Loan
and Trust Company situated in Aransas County,
Texas, upon January 1st of the years as are
hereinafter set out. This request is made in
the light of your recent opinion No. 0-4202 ad-
dressed to Honorable Sam G. Reems, County At-
torney of Brooks County, Texas. The additional
facts applicable to the status of the San An-
tonio Loan and Trust Company in Aransas County
are as follows:

"For a number of years, and specifically
for the year 1936, the San Antonio Loan and
Trust Company owned a large amount of real es-
tate in Aransas County, Texas, and they also
owned certain cattle which were permanently
situated upon these Aransas County lands, it
being the custom of the San Antonio Loan and
Trust Company to retain this herd in Aransas
County and to ship the increase to their pro-
perties in Brooks County for maturing. Dur-
ing such years, including the year 1936, the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

San Antonio Loan and Trust Company disposed of all of its real estate situated in Aransas County, Texas, to the Federal government for a game and wild water fowl refuge, but retained its cattle in said county, as a matter of fact on the same lands, having leased the same for grazing purposes from the Federal government, and thereafter refused to render said cattle for taxation, taking the position sustained by your previous opinion in this matter. Aransas County has continued to assess these cattle for taxation for the years 1937 to 1941, inclusive, and the total amount of taxes due on these assessments at the present time is approximately $3,300.00.

"Upon the publication of your opinion No. 0-4202 the Commissioners' Court of Aransas County requested Mr. Hobart Huson, an attorney of Refugio, Texas, to make further investigation of the facts concerning the actual character of the San Antonio Loan and Trust Company, and especially whether it was abanking corporation within the meaning of the statute relied on by you in the previous opinion. This question was not gone into by you at that time, because the facts submitted for your consideration conceded that the San Antonio Loan and Trust Company was a banking corporation. As a result of Mr. Huson's investigation of the facts, he has arrived at a contrary conclusion as quite fully appear from a copy of his opinion addressed to Honorable B. S. Fox County Judge of Aransas County, and which is attached hereto for your consideration.

"It will be appreciated if you will consider this question in the light of the facts above set out and those given in Mr. Huson's opinion attached, and advise us whether the assessments of cattle owned by the San Antonio Loan and Trust Company and actually situated in Aransas County, Texas, for the years 1937-1941, inclusive, are valid assessments, and if not, what disposition should be made of such assessments in order to clear the tax records of said county."

We have given careful study to the questions submitted to us in your letter of November 19, 1942, wherein you requested us to reconsider our opinion No. 0-4202, relating to the taxation of cattle owned by the San Antonio Loan & Trust Company. We have delayed so long before replying in order to investigate thoroughly the charter powers and nature of the business conducted by the San Antonio Loan & Trust Company for the purpose of ascertaining whether it be a "bank" or "banking corporation" within the meaning of Articles 7165 and 7166, R.C.S., 1925, and other statutes. We thank you for enclosing in your letter a copy of the opinion on this subject dated May 16, 1942, by Mr. Hobart Huson, which has been most helpful. We also wish to express our appreciation to the members of the State Banking Department and to Mr. Leroy G. Denman, Attorney for the San Antonio Loan & Trust Company, for their cooperation and assistance in our investigation of the facts and law relating to the questions herein involved.

Reference to the records in the Secretary of State's office show that the San Antonio Loan & Trust Company was chartered on March 1, 1891, with the following purpose clause:

"The purposes of the corporation are the accumulation and loan of money, to act as trustee or assignee or receiver when designated by any person, corporation or court to so do, and to do a general fiduciary and depository business and to act as executor and testamentary guardian when designated as such by a deceased."

By amendment filed February 8, 1897, the purpose clause of the charter was changed so as to read as follows:

"The purposes of the corporation are the accumulation and loan of money; to act as trustee or assignee or receiver when designated by any person, corporation or court to do so; and to do a general fiduciary and depository business; and to act as executor or guardian when designated as such by a deceased; and for promoting and taking stock in manufacturing companies or corporations; and for the erection or repair of any building or improvement and for the accumulation and loan of money for said purpose; and for the purchase, sale and subdivision of real property in towns, cities and villages and their suburbs, not extending

more than two miles beyond their limits, and
for the accumulation and loan of money for
that purpose."

The present purpose clause of the San Antonio
Loan & Trust Company was adopted by charter amendment
filed on November 4, 1911, and reads as follows:

"The purpose of the corporation is and
shall continue to be to act as trustee or
assignee or receiver when designated by any
person, corporation or court to do so, and
to do a general fiduciary and depository
business, and to act as executor and testa-
mentary guardian when designated as such by
a deceased."

The only other amendment to the charter of the
San Antonio Loan & Trust Company was one filed October 26,
1937, for the sole purpose of extending its corporate exis-
tence for fifty years.

After a careful consideration of the purpose clause
of the charter of the San Antonio Loan & Trust Company in con-
nection with the applicable statutes, we have concluded that
said corporation is neither a "bank" nor a "banking corpora-
tion", and, therefore is not authorized to do a banking bus-
iness. In fact, it does not claim to have such authority.

Article 7165, R.C.S. 1925, expressly applies to
"every bank, whether of issue or deposit, banker, broker,
dealer in exchange, or stockjobber." Article 7166 applies
to "every banking corporation, state or national." It is
obvious that as the San Antonio Loan & Trust Company is
not a bank, either of issue or deposit, and is not a bank-
er, broker, dealer in exchange or stockjobber or banking
corporation, state or national, it does not come within any
of the categories mentioned in either of these statutes.

Article 7166 was originally enacted in 1885 in the
identical language as it now reads as Section 2a of H. B. No.
439, Section 111, Page 105, Acts 1885, 19th Legislature, Reg-
ular Session. Article 7165 was originally enacted in 1895,
in the identical language as it now reads, as part of S.B. No.
68, Chapter 33, Page 37, Acts 1895, 24th Legislature, Regular
Session. At the time of the original enactment of these laws
the words "bank" and "banking corporation" could not have re-
ferred to any corporations organized under the laws of Texas,

since Article XVI, Section 16, of the Constitution, as it then read, expressly forbade the existence of any state corporation "with banking or discount privileges". These two acts, when passed, could have referred only to national banks, private banks and individuals or partnerships. Under the amendment to Article XVI, Section 16 of the Constitution in 1904, the reference to "state banking corporation" must have been treated as surplusage. Since the San Antonio Loan & Trust Company is, by virtue of its charter powers, neither a bank, a banking corporation, nor a state corporation with banking or discount privileges, a national bank, a private bank, an individual or partnership engaged in the banking business, neither Article 7165 nor Article 7166 applies to it.

The Constitution of Texas in Article 8, Section 11 thereof, provides as follows:

"All property, whether owned by persons or corporations, shall be assessed for taxation, and the taxes paid in the county where situated, but the Legislature may, by a two-thirds vote, authorize the payment of taxes of non-residents of counties to be made at the office of the Comptroller of Public Accounts. And all lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer."

Article 7153 of Vernon's Annotated Civil Statutes of 1925 provides as follows:

"All property real and personal, except such as is required to be listed and assessed otherwise, shall be listed and assessed in the county where it is situated; and all personal property subject to taxation and temporarily removed from the state or county shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated.

As we interpret the facts set out in your letter, the cattle belonging to the San Antonio Loan & Trust Company had acquired a situs in Aransas county on January 1st of the

respective years they were assessed for taxes by the county. You are therefore respectfully advised it is the opinion of this department that said cattle were properly subject to taxation by Aransas county.

Our conclusion is supported by the authorities cited below. Clampitt v. Johnson, 42 S.W. 866; Waggoner v. Whaley, 50 S.W. 153, writ of error refused; Guaranty Life Ins. Co. of Houston v. City of Austin, 108 Tex. 209, 190 S.W. 189.

Our Opinion No. 0-4202 was based upon the assumption that the San Antonio Loan & Trust Company was a banking corporation; since that assumption was erroneous, said opinion is withdrawn.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By George P. Blackburn
Assistant

GPB:ff

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN