

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 22, 1950

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-1110

Re: Whether United States
2½% Treasury bonds, in-
vestment series A-1965,
may be accepted by the
State Treasurer for de-
posit under Article 4739,
V.C.S., in view of certain
provisions in these bonds.

Dear Sir:

You have requested the opinion of this office on the
following matter:

"In our current audit of the accounts of the
State Treasury Department we find certain United
States Treasury bonds held by them as collateral
security or to secure deposits of public money but
which have in their terms certain provisions which
may mean that they are not acceptable to the State
for such purposes.

"Attached hereto you will find a copy of
one of these bonds '2½% Treasury Bond - Invest-
ment Series A-1965' with the provisions about which
we are concerned . . ."

You ask whether this provision renders these bonds
ineligible to be held by the Treasurer "as collateral security or
to secure deposits of public money."

Each bond provides on its face that "it is not ac-
ceptable to secure deposits of public moneys, is not transferable,
and may not be sold, discounted, hypothecated as collateral for
a loan, or pledged as security for the performance of an obliga-
tion or for any other purpose."

The United States Treasury Bonds here in question
were deposited by a Texas insurance company with the Board of
Insurance Commissioners in October, 1948. The bonds were ap-
proved by the Board of Insurance Commissioners and are now on
deposit in the office of the State Treasurer, who is the custodian

of such deposited securities. We have been advised by the Board of Insurance Commissioners that the bonds were not deposited to secure deposits of public money but were deposited under the provisions of Article 4739, Vernon's Civil Statutes, which provides:

> "Any life insurance company, accident insurance company, life and accident, health and accident, or life, health and accident insurance company, organized under the laws of this State, may at its option, deposit with the State Treasurer securities equal to the amount of its capital stock, and may, at its option, withdraw the same or any part thereof, first having deposited in the treasury in lieu thereof other securities equal in value to those withdrawn. Any such securities, before being so originally deposited or substituted, shall be approved by the Commissioner. When any such deposit is made, the Treasurer shall execute to the company making the deposit a receipt therefor, giving such description to such securities as will identify the same; and such company shall have the right to advertise such fact, or print a copy of the treasurer's receipt on the policies it may issue; and the proper officers or agents of each insurance company making such deposit shall be permitted, at all reasonable times, to examine such securities and to detach coupons therefrom and to collect interest thereon, under such reasonable rules and regulations as may be prescribed by the Treasurer, and the Commissioner. Such deposit when made by any company shall thereafter be maintained as long as said company shall have outstanding any liability to its policy holders. . . ."

Under this statute a Texas insurance company may, at its option, tender securities to the Board of Insurance Commissioners for approval, and if approved, such securities are deposited with the Treasurer. The Treasurer has no control over such deposited securities except that he provides a safe depository wherein such securities are kept.

The title to these securities while on deposit with the Treasurer remains in the insurance company and neither the Treasurer nor the Board of Insurance Commissioners has any authority to subject securities so deposited to the payment of the company's indebtedness. We think the purpose of the statute is to enable insurance companies to obtain better financial standing by advertising the fact that securities equal to the amount of their capital stock are on deposit with the Treasurer. Guaranty Life Ins. Co. of Houston v. City of Austin, 108 Tex. 209, 190 S.W. 189 (1916).

Therefore, it is apparent that such a deposit is not "to secure deposits of public moneys," or "pledged as security for the performance of an obligation or for any other purpose," and the fact that securities are not transferable does not make the same ineligible for deposit with the Treasurer for the purposes of the statute when approved by the Board. Atty. Gen. Op. 0-4054 (1941). Consequently, we conclude that the provisions to which you refer on the face of the bonds do not prohibit a Texas insurance company from depositing such bonds with the State Treasurer pursuant to Article 4739.

## SUMMARY

United States Treasury Bonds, Investment Series A-1965, approved by the Board of Insurance Commissioners as provided in Article 4739, may be accepted for deposit with the Treasurer as contemplated by that Article.

Yours very truly,

APPROVED:

Willis E. Gresham
Antitrust Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By Walton S. Roberts

Walton S. Roberts
Assistant

WSR:v