CITY OF LUBBOCK et al., Appellants,

v.

SOUTHWESTERN INVESTMENT CO., Appellee.

No. 7881.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 28, 1968.

Rehearing Denied Dec. 16, 1968.

---

Fred O. Senter, Jr., City Atty., Harvey L. Morton and Kenneth Jones, Asst. City Attys., McWhorter, Cobb & Johnson and Chas. L. Cobb, Lubbock, for appellants.

Clayton & Clayton, Cleo G. Clayton, Jr., Amarillo, for appellee.

## CHAPMAN, Justice.

Southwestern Investment Co., a domestic money lending corporation, with its principal office and domicile in Amarillo, Potter County, Texas, brought this suit against the City of Lubbock and Lubbock Independent School District seeking to set aside and enjoin collection of taxes attempted to be assessed against notes and other receivables of the company. Permanent injunction was sought forbidding the named taxing units from enforcing the 1967 assessment, and a mandatory injunction requiring removal of assessments of its receivables from the tax rolls. Trial to the court resulted in the two taxing units being:

"* * * permanently and perpetually enjoined from directly or indirectly doing or performing or accomplishing any of the following acts, viz.: (1) placing any receivables or intangibles of SOUTH-WESTERN INVESTMENT CO. or its wholly-owned subsidiary, S. I. C. Finance-Loans of Lubbock, Inc. upon the tax rolls of any defendant herein, (2) to make and enforce an assessment or attempted assessment upon any such receivables or intangibles of SOUTH-WESTERN INVESTMENT CO. or its wholly-owned subsidiary, S. I. C. Finance-Loans of Lubbock, Inc., (3) maintaining upon the tax rolls of any defendant herein the receivables or intangibles of SOUTHWESTERN INVESTMENT CO. or its wholly-owned subsidiary, S. I. C. Finance-Loans of Lubbock, Inc., for any purpose of assessment, taxation, collection or enforcement of any tax liabilities therefor or thereon, (4) levying or attempting to levy taxes upon the receivables or intangibles of SOUTH-WESTERN INVESTMENT CO. or its wholly-owned subsidiary, S. I. C. Finance-Loans of Lubbock, Inc. or (5) doing or attempting to do any of the foregoing prohibited acts by or through any deputy, agent, representative, servant or employee or otherwise; and the defendants, jointly or severally, be, and they are hereby, ordered and directed, jointly and severally, to remove any such receivables or intangibles of SOUTHWESTERN INVESTMENT CO. or its subsidiary, S. I. C. Finance-Loans of Lubbock, Inc. from the tax rolls of any defendant herein and from any nature of listing or assessment for tax purposes."

Appellants contend the trial court erred in holding the notes and other receivables of Southwestern Investment Co. had not attained a tax situs in Lubbock, Lubbock County, Texas, in granting injunctive relief to S. I. C. Finance-Loans of Lubbock, Inc. (not a party to the suit) and in granting relief despite failure of appellee to seek such relief by mandamus or injunction after the tax plan had been put into effect.

Art. 8, Sec. 11, Constitution of Texas, Vernon's Ann.St., provides, inter alia, that all property shall be assessed for taxation, and the taxes paid in the county where such property is situated.

Art. 7153, Vernon's Ann.Tex.Civ.St. (as applicable to the facts here) also provides that all property shall be listed and assessed in the county where it is situated.

Art. 7189, V.T.C.S. provides, inter alia, that assessors of taxes shall * * * take a list of taxable property, real and personal, *in his county* and assess the value thereof, etc. (All emphases herein are ours)

Art. 7185, V.T.C.S. provides, inter alia, that the one required under the laws of this state to render property for taxation may render the same *in the county where the same is situated,* etc.

The trial court had ample probative evidence upon which to base its judgment that both corporations had their home offices in Amarillo, Potter County, Texas. It is without contradiction that all notes, other receivables, and all instruments securing them (except those necessary to be filed in Lubbock County for constructive notice) are sent daily to the home office in Amarillo and kept there.

■ There is clearly sufficient evidence to support the trial court's implied finding that the receivables of Southwestern Investment Co. had not attained a tax situs in Lubbock, Lubbock County, Texas, under the authorities construing the constitutional and statutory provisions above mentioned. In Ferris v. Kemble, 75 Tex. 476, 12 S.W. 689 (Tex.Sup.1889) the Supreme Court of Texas said:

"From the authorities quoted, we conclude that the following rules are in force in this state, with regard to residents of this state: *First,* personal property, except where it is otherwise provided, is situated where its owner resides and is taxable only there; *second,* tangible personal property, situated in any town or city of this state, is subject to taxation at the place where it is situated; *third,* intangible personal property, such as credits, are taxable only at the place of residence of the owner, without regard to where they are kept or deposited, and equally without regard to how they were earned, or to the place of residence of the debtor."

■ The same year in Connor v. City of Waxahachie, 13 S.W. 30 (Tex.Sup.) the same court, in a short and terse opinion, followed the principles just quoted. Then in 1922 in Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778 (1922) our Supreme Court (after quoting with approval the third clause of our above quote from Ferris v. Kemble, supra) held that in the absence of intangible personal property having acquired a situs by statute or a business situs as theretofore discussed, the common law rule enunciated in Ferris v. Kemble, supra, applies. Neither situs by statute (except "where situated") nor business situs where securities are used as capital invested in a business, or as an instrumentality of such business "as theretofore discussed" are present in our case. Therefore, the common law rule of mobilia sequuntur personam (movables follow the person) applies. The court in the Great Southern Life case made the observation that: "It has always been the primary and fundamental rule that no sovereignty or taxing district could exercise the power of taxation, except as to property actually or constructively within its jurisdiction." The court then held in the case that the legislature by the use of the term "where situated" meant where situated for the purpose of taxation under the common law rule as then understood or as defined by statute. See also City of Dallas v. Texas Prudential Ins. Co., 156 Tex. 36, 291 S.W.2d 693 (1956) in which the court approved the holding of the Great Southern Life Ins. case.

Appellants rely heavily on Texas Land & Cattle Co. v. City of Fort Worth, 73 S.W.2d 860 (Tex.Civ.App.—Fort Worth, 1934, writ ref'd). The facts in that case clearly distinguish it from the instant case. Findings of fact in that case show Texas Land & Cattle Co. was engaged in the business of lending money in Fort Worth, Texas. All its business consisted in loaning money and dealing in securities in Fort Worth by its agent, J. N. Brooker, who owned all the 2,000 shares in the corporation except 20 qualifying shares held

by a niece and sister in his household. The corporation was a mere fiction for the purpose of establishing a domicile in Delaware and its affairs were operated as a corporation for the sole and only purpose of avoiding the payment of taxes in Fort Worth. All of its business was conducted in the office of its president in the City of Fort Worth. The real office and domicile of the corporation was in the City of Fort Worth. Southwestern Investment Co., the only plaintiff in this case, was clearly domiciled outside the jurisdiction of the taxing units. It is a domestic corporation, whereas the corporation just described was a foreign corporation. All receivables in our case are payable in Amarillo and all investments mailed there daily except those required to be filed in Lubbock County for constructive notice to the world; whereas promissory notes, etc. made in the City of Fort Worth case were payable in Fort Worth.

The San Antonio Intermediate Appellate Court quoted with approval from Cooley on Taxation to the effect that the mobilia sequuntur personam maxim is merely a fiction of law and is as liable to mislead as to furnish a correct guide when considered alone. State v. Crown Central Petroleum Co., 242 S.W.2d 457 (Tex.Civ.App.—San Antonio, 1951 writ ref'd). However, this same case quoted further from the same textual authority to the effect that as applied to taxation the maxim means " * * the situs of personal property for purposes of taxation is the domicile of the owner unless (1) there is a statute to the contrary, or (2) the property is tangible and has acquired an actual situs of its own in a state or place other than where the owner is domiciled, or (3) in case of intangible property, it has acquired a business situs in a state other than the one where the owner is domiciled. As thus limited, the maxim applies to taxation of personal property." Neither of the three quoted "unless" conditions being present in our case, and there being an abundance of probative evidence for the trial court to find that the Southwestern Investment Co. receivables never acquired situs in Lubbock County outside the owner's domicile, the maxim of mobilia sequuntur personam is applicable here. These rules of law appear so well settled in this field in Texas we see no purpose in writing on the subject of establishment by the taxing units of an arbitrary, illegal and fundamentally erroneous plan of valuation of appellee's property, rather than the statutory requirements of fair market value, as stated in Art. 7206, V.A.T.S. It is without question that an autocratic amount of $500,000.00 was assessed by the taxing units against appellee "as a means of getting attention" then reduced to $300,000.00 based on the volume of business S. I. C. transacted in Lubbock County in relation to other finance companies such as G.M.A.C., a foreign corporation.

■ Since the evidence shows without contradiction that all receivables attempted to be taxed are kept at the home office of appellee in Potter County, Texas we are not certain why the trial court in its judgment also granted an injunction on behalf of S. I. C. Finance-Loans of Lubbock, Inc., the wholly-owned subsidiary not a party to the suit. However, we cannot agree that such action of the trial court voids the judgment enjoining the taxing units from assessing or attempting to assess the receivables owned by Southwestern Investment Co. and kept in its home office in Amarillo, Potter County, Texas. We do not pass on the question of inclusion in the judgment of the subsidiary company because we do not consider it necessary.

We are somewhat at a loss to understand appellants' third point to the effect that appellee took no action by way of mandamus or injunction until after the plan of taxation was put into effect. The record shows the contrary. The suit for permanent mandatory injunction was filed and the tax units served before any attempt to place in effect a system of taxing receivables of Southwestern Investment Co. not within their jurisdiction. In the City of Arlington v. Can-

non, 153 Tex. 566, 271 S.W.2d 414 (1954), the court said " * * * if the taxpayer fails to avail himself of the remedies of mandamus and injunction to prevent a taxing authority from putting such a plan into effect, as those remedies were used in such cases as City of Houston v. Baker, Tex.Civ.App., 178 S.W. 820, writ refused, and City of Wichita Falls v. Cooper, Tex. Civ.App., 170 S.W.2d 777, writ refused, his right to relief is limited." Both of the cases mentioned by the Supreme Court in the quote just made involve petitions for permanent mandatory injunction just as in our case. Accordingly, the judgment of the trial court attempting to enjoin the assessment and collection by appellant taxing units of taxes on Southwestern Investment Co.'s notes and receivables is affirmed.